OPINION
{¶ 1} Solomon Mitchell was found guilty by a jury in the Montgomery County Court of Common Pleas of four counts of kidnapping, three counts of aggravated burglary, and two counts of aggravated robbery, arising out of two separate incidents involving the same victims. The court sentenced him to five years of imprisonment on each count, with several of the counts to be served consecutively for an aggregate term of thirty years in prison. Mitchell appealed from his conviction and sentence. On March 4, 2005, we affirmed his conviction but reversed his sentence and remanded for re-sentencing. State v. Mitchell,
Montgomery App. No. 20372, 2005-Ohio-912. Although we concluded that the court had adequately supported the imposition of non-minimum sentences, we held that the trial court had not sufficiently set forth its reasons for imposing consecutive sentences. Id. On remand, the trial court again imposed five-year prison terms on each count, with several of the counts to be served consecutively for an aggregate sentence of thirty years. Mitchell appeals from this sentence.
 {¶ 2} "THE CONSECUTIVE SENTENCE IMPOSED BY THE TRIAL COURT WAS IMPROPER, AS THE TRIAL COURT DID NOT MAKE APPROPRIATE FINDINGS IN IMPOSING A CONSECUTIVE SENTENCE."
 {¶ 3} In his sole assignment of error, Mitchell claims that the trial court did not properly order consecutive sentences because it failed to connect its findings to the reasons for each of the statutory findings.
 {¶ 4} The Supreme Court of Ohio recently held that parts of Ohio's felony sentencing scheme are unconstitutional. State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. The unconstitutional provisions include R.C. 2929.14(E)(4), which states:
 {¶ 5} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 6} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16 [residential sanctions], 2929.17 [non-residential sanctions], or 2929.18 [financial sanctions; restitution] of the Revised Code, or was under post-release control for a prior offense.
 {¶ 7} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} In addition, R.C. 2929.19(B)(2)(c) requires the court to state its reasons for imposing consecutive sentences. SeeState v. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465, ¶ 25; State v. Howard, Montgomery App. No. 20575, 2005-Ohio-3702, ¶ 20.
 {¶ 10} Following the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the supreme court held inFoster that R.C. 2929.14(E)(4) violated the principles set forth in Blakely and that the use of such sentencing criteria is unconstitutional because they "require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of consecutive sentences."Foster at ¶ 65-67, ¶ 83. The supreme court severed the provisions that it found to be unconstitutional, including R.C.2929.14(E)(4) and R.C. 2929.19(B)(2). Id. at ¶ 97. In light of this holding, judicial factfinding is no longer required before the imposition of consecutive prison terms. Id. at ¶ 99; Statev. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, ¶ 37.
 {¶ 11} Because Foster held the statute under which Mitchell's sentence was imposed to be unconstitutional and severed it from the sentencing provisions of the Revised Code, we must remand this case for a new sentencing hearing. Foster at ¶ 104-105. At the sentencing hearing, the trial court "shall consider those portions of the sentencing code that are unaffected by [Foster] and impose any sentence within the appropriate felony range. If the offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105. While Mitchell may argue for concurrent sentences on remand, nothing prevents the trial court from imposing consecutive sentences with a lesser, the same, or a greater aggregate sentence. Id.
 {¶ 12} In the wake of Foster, Mitchell is one of thousands who will be resentenced by trial judges throughout this State. Before imposing a greater/harsher sentence, the trial courts should be mindful of the restraints set forth in North Carolinav. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072. As the Pearce
decision emphasized "the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id. at 2081.
 {¶ 13} The assignment of error is sustained.
 {¶ 14} The sentence is reversed, and the matter is remanded for resentencing.
Grady, P.J. and Donovan, J., concur.