The STATE of Ohio, Appellee,

v.

HOWARD, Appellant.

[Cite as *State v. Howard*, 174 Ohio App.3d 562, 2007-Ohio-4334.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 07CA0003.

Decided Aug. 24, 2007.

Stephen Schumaker, Clark County Prosecuting Attorney, and William H. Lamb, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, State Public Defender, and Theresa G. Haire, Assistant Public Defender, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Cecil Howard, appeals from the trial court's judgment resentencing him pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 2} As a result of his participation in the armed robbery of the Beverage Oasis Drive Through in Springfield on June 22, 2002, defendant was convicted following a jury trial of aggravated robbery with a firearm specification, attempted murder with a firearm specification, and having weapons while under a disability. The trial court sentenced defendant to consecutive prison terms of nine years for attempted murder, nine years for aggravated robbery, and four years for having weapons while under a disability. In addition, the trial court merged the firearm specifications and imposed one additional and consecutive three-year term, for a total aggregate sentence of 25 years.

{¶ 3} On direct appeal, we affirmed defendant's conviction and sentence. *State v. Howard* (May 6, 2005), Clark App. No. 2004–CA–29, 2005-Ohio-2237, 2005 WL 1060621. Among other things, we held that defendant's consecutive sentences were supported by findings that the trial court made pursuant to R.C. 2929.14(E)(4). Defendant appealed to the Ohio Supreme Court. On May 3, 2006, the Ohio Supreme Court reversed defendant's sentences and remanded the matter to the trial court for resentencing pursuant to *State v. Foster*, supra. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174 at ¶ 68.

{¶ 4} On December 8, 2006, the trial court resentenced defendant. At that proceeding, defendant waived his right to counsel and elected to represent himself. Without explanation, the trial court increased defendant's previous sentence by one year on each of the three felony offenses, to ten years for

attempted murder, ten years for aggravated robbery and five years for having weapons under disability, and ordered them to run consecutively. In addition, the trial court merged the firearm specifications and imposed one additional and consecutive three-year term, for a total aggregate sentence of 28 years.

{¶ 5} From his resentencing, defendant has timely appealed to this court.

## FIRST ASSIGNMENT OF ERROR

{¶ 6} "The trial court erred by imposing an illegal sentence."

{¶ 7} The offenses for which defendant was sentenced were committed before *Foster* was decided. Defendant argues that retroactive application to his offenses of the remedial holding and mandate in *Foster* operates as an ex post facto law that violates Sections 9 and 10, Article I of the United States Constitution and the Fifth and Fourteenth Amendment's Due Process clause. Defendant asks this court to apply the sentencing statutes as they existed prior to the *Foster* decision.

{¶ 8} The courts of appeals have jurisdiction to review for error "judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Ohio Constitution. The Supreme Court of Ohio is manifestly not within that class of inferior courts.

{¶ 9} In order to grant the relief that defendant requests, we necessarily must find that the Ohio Supreme Court erred when it decided *Foster*, because the sentencing mandate *Foster* imposes creates a prohibited ex post facto law in relation to offenses committed prior to *Foster*. That finding would likewise be necessary to a determination that in the present case, the trial court erred in its application of a prohibited ex post facto law when it resentenced defendant pursuant to the Supreme Court's remand. Our appellate jurisdiction does not permit the review that those findings would require.

{¶ 10} Because we lack jurisdiction to review the error assigned, defendant's first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 11} "The trial court erred by imposing a harsher sentence upon appellant in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution."

{¶ 12} Defendant argues that the trial court violated his rights to due process and a fair trial by imposing a harsher sentence without an explanation of its reasons for doing so, after he had successfully appealed his sentence to the Ohio

Supreme Court, in violation of the rule of *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

{¶ 13} In *Pearce,* a defendant was tried and convicted and was sentenced on his conviction. He appealed, and on appeal, the conviction was reversed. On remand, the defendant was tried and again convicted. However, the same court imposed a longer prison sentence than it had in the first trial. The defendant appealed the second sentence on several constitutional grounds.

{¶ 14} The United States Supreme Court held in *Pearce* that while a different sentence may be imposed after a retrial, nevertheless, the Due Process Clause of the Fourteenth Amendment requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial and that he be freed of the apprehension of such a retaliatory motivation on the part of the sentencing judge; and to assure the absence of such a motivation, whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for the judge's doing so must affirmatively appear and the factual data upon which the increased sentence is based must be made part of the record for purposes of reviewing the constitutionality of the increased sentence.

{¶ 15} Subsequently, in *Wasman v. United States,* (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424, the Supreme Court explained that its holding in *Pearce* concerned "enhancement [of a sentence] motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights," 468 U.S. at 568, 104 S.Ct. 3217, 82 L.Ed.2d 424, and that in *Pearce* "the defendants' right to due process was violated not because the sentence and charge were enhanced, but because there was no evidence introduced to rebut the presumption that actual vindictiveness was behind the increases; in other words, by operation of law, the increases were deemed motivated by vindictiveness." 468 U.S. at 568–569, 104 S.Ct. 3217, 82 L.Ed.2d 424. The presumption "may be overcome only by objective information in the record justifying the increased sentence." 468 U.S. at 565, 104 S.Ct. 3217, 82 L.Ed.2d 424, quoting *United States v. Goodwin* (1982), 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74.

{¶ 16} In *Wasman,* the defendant was twice sentenced by the same judge. The second sentence was more severe. The judge explained that he imposed the more severe sentence because between the first and second trials, the defendant had been convicted of another felony offense in another proceeding. *Wasman* held that the judge's careful explanation of his reason for imposing the more severe sentence rebutted the presumption of actual vindictiveness.

{¶ 17} "Actual vindictiveness" implies an animus against a defendant on account of the defendant's prosecution of his right of appeal, resulting in a

reversal of the defendant's prior conviction for error in a ruling made by the sentencing judge. The rule of *Pearce* is thus concerned with the sentencer's personal motivation.

{¶ 18} In *Texas v. McCullough* (1986), 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104, the United States Supreme Court stated that the *Pearce* presumption of vindictiveness does not apply when different sentencers were involved and each assessed the varying sentences that defendant received. When different sentencers are involved, "[i]t may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty." *Colten v. Kentucky* (1972), 407 U.S. 104, 117, 92 S.Ct. 1953, 32 L.Ed.2d 584.

{¶ 19} At defendant's original sentencing hearing on June 7, 2004, Judge Gerald F. Lorig imposed consecutive prison terms totaling 25 years. After defendant successfully appealed, the Ohio Supreme Court reversed and remanded this matter to the trial court for resentencing pursuant to *Foster*. Judge Lorig had by then retired, and the resentencing proceeding was before his successor, Judge Douglas M. Rastatter. In that resentencing on December 8, 2006, Judge Rastatter increased defendant's sentence by adding one year to each of the three felonies involved, for a total aggregate sentence of 28 years.

{¶ 20} The *Pearce* presumption of vindictiveness does not apply in this case because defendant's current sentence was imposed by a judge different from the sentencer who had imposed the prior sentence. Therefore, the judge who imposed the second sentence was not required to explain his reason for a harsher sentence in order to rebut the presumption of vindictiveness that could have applied had the same sentencer acted in both instances.

{¶ 21} Judge Donovan would impose the *Pearce* requirement whenever a harsher sentence is imposed for the same offense following a reversal and remand. That surely would be a good practice, because justice not only must be done; it must be seen to be done. And, the sentences in both instances are subject to the requirements of R.C. 2929.11 and 2929.12 that guide the sentencing court's discretion, which per *Foster* fully survive the severance of the findings requirements in R.C. 2929.14(B). *Foster*, ¶ 98.

{¶ 22} Nevertheless, *Pearce* and its progeny are concerned not with the particular differences in the two sentences but the setting in which the second, harsher sentence is imposed. The harsher sentence creates a presumption of actual vindictiveness as a matter of law, which must be rebutted by the court's explanation of a legitimate reason why it imposed a harsher sentence. *Wasman*. However, *McCullough* holds that the presumption does not arise when, as in the

present case, different sentencers are involved in the two instances. And, absent the presumption, no explanation is required to rebut it.

{¶ 23} When the same sentencer acts in both instances, giving rise to the presumption of vindictiveness, the explanation required by *Pearce* is not avoided merely because of some differences in the two proceedings. It is the sentencer's explanation of how those differences affected the sentencer's calculus in imposing a harsher sentence that operates to dispel the defendant's apprehension that exercising his right of appeal could work to his prejudice in this way. *Pearce.* Therefore, when the presumption arises but the sentencer fails to articulate the required explanation, the presumption of vindictiveness is not rebutted. *State v. Davis,* Clark App. No. 2006–CA–69, 2007-Ohio-1030, 2007 WL 706802.

{¶ 24} Defendant's second assignment of error is overruled.

{¶ 25} The judgment of the trial court is affirmed.

Judgment affirmed.

WOLFF, J., concurs.

DONOVAN, J., concurs in part and dissents in part.

DONOVAN, Judge, concurring in part and dissenting in part.

{¶ 26} I concur in the majority's resolution of the first assignment of error. However, with respect to the second assignment of error, I conclude that the trial court erred by imposing a harsher sentence of an additional three years' imprisonment in violation of the Due Process Clauses of both the Ohio and U.S. Constitutions.

{¶ 27} There is nothing in this record that suggests that the second trial court judge relied upon information not before the first judge. Further, the second judge provides absolutely no explanation for the harsher sentence after a successful appeal.

{¶ 28} I agree with the majority that justice must not only be done, it must seem to be done. In order to achieve justice in this case, I believe it is both wise and consistent with the Ohio and U.S. Constitutions to require any second sentencing judge to place on the record the reason(s) for imposing a harsher sentence. Requiring an articulation with some particularity of the information relied upon to enhance a sentence is not an onerous task. Such a rule would prevent the sentencing disparities that are likely to occur when two different judges engage in sentencing on the same sentencing facts and would thus avoid the unseemly appearance that the defendant's ultimate sentence is greater than his first for no better reason than a change in the identity of the sentencing

judge. Such a rule, easy of application, protects a successful appellant from the possibility of retaliatory vindictiveness and safeguards a convicted defendant's right to an appeal from any chilling effect borne out of the potential that an even harsher sentence may result on identical facts.

{¶ 29} In the clear absence of cognizable and temporarily relevant data, combined with a record devoid of any explanation by the judge for an additional three-year term, I would find that vindictiveness is established. Although *Pearce* has been modified, it is still necessary that new information of an objective character utilized by the court be placed on the record. Otherwise, the "constitutional legitimacy" of a harsher sentence cannot be assessed by appellate review.

{¶ 30} Although the majority reads *McCullough* as eliminating the presumption of vindictiveness enunciated in *Pearce,* such a conclusion is far too restrictive. *McCullough* involved jury sentencing wherein the conviction as well as the sentence was set aside by the trial judge. Subsequently, the trial judge imposed an increased sentence after retrial and conviction. Obviously, after a second trial on the merits, nothing in the Constitution would require the sentencing judge to ignore "objective information" acquired during the trial that justifies a harsher penalty. Thus, in *McCullough,* the presumption was inapplicable and the trial judge's "careful explanation" of its findings complied with *Pearce* and its progeny. Such is not true in the case before us. *Pearce* does not permit an enhancement without any justification or explanation.

{¶ 31} Special vigilance is warranted in this type of case. I note that this is not the first or only case in which this particular judge increased a sentence after remand without explanation. See *State v. Davis* (Mar. 9, 2007), Clark App. No. 2006–CA–69, 2007 WL 706802.

{¶ 32} I would reverse and modify the aggregate sentence to 25 years pursuant to the authority set forth in Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2953.08(G)(2).