The STATE of Ohio, Appellee,

v.

THRASHER, Appellant.

[Cite as State v. Thrasher, 178 Ohio App.3d 587, 2008-Ohio-5182.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2007CA91.

Decided Oct. 3, 2008.

Stephen K. Haller, Greene County Prosecuting Attorney, and Stephanie R. Hayden, Assistant Prosecuting Attorney, for appellee.

Shawn P. Hooks, for appellant.

---

GRADY, Judge.

{¶ 1} Defendant, David Thrasher, appeals from a judgment resentencing him pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 2} In 2004, following a jury trial, defendant was found guilty of two counts of rape, one count of gross sexual imposition, and one count of abduction. The trial

court sentenced defendant to terms of incarceration of nine years on each count of rape and 17 months for gross sexual imposition, and ordered those sentences to run concurrently, for a total aggregate prison term of nine years. The trial court did not convict defendant on the abduction charge, finding that the offense merged with the two rapes. We affirmed defendant's convictions on direct appeal but reversed his sentences and remanded the matter for resentencing pursuant to the holding in *Foster*. *State v. Thrasher*, Greene App. No. 2004–CA–113, 2006-Ohio-1260, 2006 WL 677717.

{¶ 3} On July 6, 2006, the trial court resentenced defendant. The trial court increased defendant's previous sentence by one year for each rape offense, to ten years on each count of rape. The trial court imposed the same sentence it previously imposed, 17 months, for the gross-sexual-imposition offense, and ordered all of those sentences to be served concurrently, for a total aggregate prison term of ten years. As before, the trial court found that the abduction offense merged with the two rapes, and therefore no conviction was ordered on the abduction charge.

{¶ 4} On December 7, 2007, we granted defendant leave to appeal from his July 6, 2006 resentencing.

FIRST ASSIGNMENT OF ERROR

{¶ 5} "Mr. Thrasher was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution when the resentencing court imposed a harsher sentence upon remand."

{¶ 6} Defendant argues that the trial court violated his rights to due process and a fair trial by imposing a harsher sentence without an explanation of its reasons for doing so, after defendant had successfully appealed his sentence to this court, in violation of the rule of *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

{¶ 7} In addressing this issue, in *State v. Howard*, 174 Ohio App.3d 562, 2007-Ohio-4334, 883 N.E.2d 1077, ¶ 13–23, this court observed:

{¶ 8} "In *Pearce*, a defendant was tried and convicted and was sentenced on his conviction. He appealed, and on appeal, the conviction was reversed. On remand, the defendant was tried and again convicted. However, the same court imposed a longer prison sentence than it had in the first trial. The defendant appealed the second sentence on several constitutional grounds.

{¶ 9} "The United States Supreme Court held in *Pearce* that while a different sentence may be imposed after a retrial, nevertheless, the Due Process Clause of the Fourteenth Amendment requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence

he receives after a new trial and that he be freed of the apprehension of such a retaliatory motivation on the part of the sentencing judge; and to assure the absence of such a motivation, whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for the judge's doing so must affirmatively appear and the factual data upon which the increased sentence is based must be made part of the record for purposes of reviewing the constitutionality of the increased sentence.

{¶ 10} "Subsequently, in *Wasman v. United States,* (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424, the Supreme Court explained that its holding in *Pearce* concerned 'enhancement [of a sentence] motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights,' 468 U.S. at 568, 104 S.Ct. 3217, 82 L.Ed.2d 424, and that in *Pearce* 'the defendants' right to due process was violated not because the sentence and charge were enhanced, but because there was no evidence introduced to rebut the presumption that actual vindictiveness was behind the increases; in other words, by operation of law, the increases were deemed motivated by vindictiveness.' 468 U.S. at 568–569, 104 S.Ct. 3217, 82 L.Ed.2d 424. The presumption 'may be overcome only by objective information in the record justifying the increased sentence.' 468 U.S. at 565, 104 S.Ct. 3217, 82 L.Ed.2d 424, quoting *United States v. Goodwin* (1982), 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74.

{¶ 11} "In *Wasman,* the defendant was twice sentenced by the same judge. The second sentence was more severe. The judge explained that he imposed the more severe sentence because between the first and second trials, the defendant had been convicted of another felony offense in another proceeding. *Wasman* held that the judge's careful explanation of his reason for imposing the more severe sentence rebutted the presumption of actual vindictiveness.

{¶ 12} " 'Actual vindictiveness' implies an animus against a defendant on account of the defendant's prosecution of his right of appeal, resulting in a reversal of the defendant's prior conviction for error in a ruling made by the sentencing judge. The rule of *Pearce* is thus concerned with the sentencer's personal motivation.

{¶ 13} "* * *

{¶ 14} "Nevertheless, *Pearce* and its progeny are concerned not with the particular differences in the two sentences but the setting in which the second, harsher sentence is imposed. The harsher sentence creates a presumption of actual vindictiveness as a matter of law, which must be rebutted by the court's explanation of a legitimate reason why it imposed a harsher sentence. *Wasman.* However, [*Texas v.*] *McCullough*[ (1986), 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104] holds that the presumption does not arise when, as in the present case,

different sentencers are involved in the two instances. And, absent the presumption, no explanation is required to rebut it.

{¶ 15} "When the same sentencer acts in both instances, giving rise to the presumption of vindictiveness, the explanation required by *Pearce* is not avoided merely because of some differences in the two proceedings. It is the sentencer's explanation of how those differences affected the sentencer's calculus in imposing a harsher sentence that operates to dispel the defendant's apprehension that exercising his right of appeal could work to his prejudice in this way. *Pearce*. Therefore, when the presumption arises but the sentencer fails to articulate the required explanation, the presumption of vindictiveness is not rebutted. *State v. Davis*, Clark App. No. 2006–CA–69, 2007-Ohio-1030, 2007 WL 706802."

{¶ 16} At the original sentencing hearing on November 10, 2004, Judge Stephen A. Wolaver sentenced defendant to concurrent prison terms totaling nine years. Defendant appealed to this court, and we reversed defendant's sentences and remanded the matter for resentencing pursuant to *Foster*. At the resentencing on July 6, 2006, Judge Wolaver increased defendant's sentence by adding one year to each of the two rape charges, to be served concurrently, for a total aggregate sentence of ten years. Because a harsher sentence was imposed by the same sentencer, the *Pearce* presumption of vindictiveness applies in this case. The issue is whether the sentencer articulated legitimate reasons for imposing a harsher sentence sufficient to rebut the presumption. *Howard*; *State v. Davis*, Clark App. No. 2006CA69, 2007-Ohio-1030, 2007 WL 706802.

{¶ 17} To overcome the presumption of vindictiveness, the trial court must make affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing. *Pearce*; *Wasman v. United States* (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424; *Davis*. In that regard, this court observed in *Davis*:

{¶ 18} "Pearce requires that the trial court make findings based upon objective information concerning identifiable conduct on the part of the defendant. 395 U.S. at 726, 89 S.Ct. 2072[, 23 L.Ed.2d 656]. 'Relevant conduct or events' sufficient to overcome the presumption of vindictiveness are those that throw 'new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities."' *Wasman v. United States*, 468 U.S. at 570–71, 104 S.Ct. 3217[, 82 L.Ed.2d 424] (quoting *Williams v. New York* (1949), 337 U.S. 241, 245, 69 S.Ct. 1079[, 93 L.Ed. 1337]). Thus, a court imposing an enhanced sentence on remand must 'detail the reasons for an increased sentence or charge' so that appellate courts may 'ensure that a non-vindictive rationale supports the increase.' Id. at 572, 104 S.Ct. 3217[, 82 L.Ed.2d 424].

{¶ 19} "In *State v. Mitchell* (March 31, 2006), Montgomery App. No. 21020, 2006-Ohio-1602[, 2006 WL 827389], we recently discussed the impact of the *Foster* decision in conjunction with the imposition of an enhanced sentence after a successful appeal by the defendant. 'Before imposing a greater/harsher sentence, the trial courts should be mindful of the restraints set forth in *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072[, 23 L.Ed.2d 656]. As the *Pearce* decision emphasized "the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." ' Id. at 2081[, 23 L.Ed.2d 656]." *Davis,* 2007-Ohio-1030, 2007 WL 706802, ¶ 26–27.

{¶ 20} The state relies on *State v. Paynter,* Muskingum App. No. CT2006–0034, 2006-Ohio-5542, 2006 WL 3020319, to argue that the focus of a *Pearce* inquiry is "identifiable conduct on the part of the defendant," ¶ 17, suggesting that both past and present conduct may be considered. However, that misreads the holding in *Paynter,* which went on to state that the relevant conduct or events must throw "new light upon the defendant's life, health habits, conduct, and mental and moral propensities." Id. Necessarily, the matters or issues concerned must be those that were not before the court at the time of the original sentencing.

{¶ 21} At the resentencing hearing the trial court indicated that it had again reviewed the presentence investigation report that was prepared before the original sentencing proceeding. The court then mentioned several factors in that report that it found troubling, including the facts that defendant denied guilt and minimized his behavior, that defendant has a prior felony conviction for drug trafficking, and that defendant's offense caused significant suffering on the part of the victim.

{¶ 22} The matters which the court cited are not conduct or events that throw any new light on defendant's conduct, life, or propensities. *Pearce*; *Wasman*; *Davis*. This information was contained in the original presentence investigation report and was available to the trial court when the prior sentence was imposed. Information regarding identifiable conduct on defendant's part that was known by the court at the original sentencing proceeding does not rebut the presumption of vindictiveness that arises from the imposition of a harsher sentence following defendant's successful appeal of his sentence. *State v. Paynter,* Muskingum App. No. CT2006–0034, 2006-Ohio-5542, 2006 WL 3020319; *Pearce*; *Wasman*; *Davis*.

{¶ 23} At the resentencing hearing the trial court stated:

{¶ 24} "But what is disturbing is that I have nothing in the record to reflect any change in your position of denying your guilt for the commission of these offenses or the fact you minimize your behavior."

{¶ 25} The state argues that the fact that defendant was still refusing to accept responsibility for his crime at the time of the resentencing hearing constitutes a new fact or information that was put on the record that rebuts the presumption of vindictiveness. We disagree. Defendant's refusal to admit his guilt for these offenses is not a new fact; defendant consistently maintained his innocence throughout his trial and appellate proceedings. Furthermore, the trial court's comment acknowledges that there are no new facts or information in the record in that regard, but only the same as existed previously.

{¶ 26} Finally, the trial court made the following observation at the resentencing hearing:

{¶ 27} "However, the Court, at the previous sentencing, did feel there was a constraint as to the sentence that could be imposed in this case based upon the requirements of the findings of this Court. And, therefore, it is the intention of this court to impose the sentence that the Court would have imposed had I been in this position today at the time the Defendant was previously sentenced."

{¶ 28} Prior to *Foster*, a statutory presumption in favor of a minimum sentence for felony offenses applied. R.C. 2929.14(B). In order to impose greater than minimum sentences, maximum sentences, or consecutive sentences, the trial court was required to first make certain specific findings of fact by R.C. 2929.14(B), (C), or (E)(4). Because those provisions required judicial fact-finding that violated a defendant's Sixth Amendment right to a jury trial, according to *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, *Foster* held those provisions unconstitutional and severed them from the sentencing statutes.

{¶ 29} *Foster* ordered a severance of the statutory findings requirements in R.C. 2929.14 as an appropriate remedy to the Sixth Amendment violation the requirements had created. Id. at ¶ 92. Nothing in the remedy that *Foster* applied throws any new light on the defendant or his conduct, which is necessary to overcome the presumption of vindictiveness arising from a harsher sentence. Furthermore, the record of the original sentencing proceeding and the trial court's original judgment entry reveals that the trial court did, in fact, make the specific findings required by R.C. 2929.14(C) that would have permitted the court to impose the maximum allowable sentence of ten years on each count of rape that the court imposed at resentencing. Absent justifiable reasons for the increased sentence that rebuts the *Pearce* presumption of vindictiveness, defendant's increased sentence of ten years on each count of rape violates his due process rights.

{¶ 30} Pursuant to the authority contained in Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2953.08(G)(2)(b), defendant's sentence is ordered modified to nine years on each count of rape and 17 months for gross sexual imposition, all sentences to be served concurrently, for a total sentence of nine years, as was imposed at the trial court's original November 11, 2004 sentencing hearing. As modified, defendant's sentence is affirmed. This case will be remanded to the trial court for the sole purpose of notifying the Ohio Department of Rehabilitation and Correction of defendant's modified sentence.

{¶ 31} Defendant's assignment of error is sustained.

Sentence modified.

BROGAN and DONOVAN, JJ., concur.