[Cite as *State v. Collins*, 2013-Ohio-938.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98575 and 98595**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TONY COLLINS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-529965 and CR-533453

**BEFORE:** Keough, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 14, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Tony Collins, appeals from the sentence imposed upon resentencing in CR-529965. He contends that the trial court vindictively sentenced him to a higher sentence upon remand and that this court should therefore reduce his sentence to two years, the original sentence. We hold that there is insufficient evidence in the record to rebut the presumption of vindictiveness that arises when a court sentences a defendant to an increased sentence after a successful appeal and, accordingly, vacate the sentence and remand with instructions to the trial court to modify Collins's sentence in CR-529965 to two years incarceration.

## I. Background

**{¶2}** Collins was indicted in two cases that were consolidated and heard before the court. The trial court found him guilty of all the charges. In CR-529965, Collins was found guilty of Count 1, drug possession of marijuana in excess of 5,000 grams with forfeiture of a cell phone; Count 2, drug trafficking with forfeiture of a cell phone; and Count 3, possession of criminal tools with forfeiture of a cell phone. In CR-533453, he was found guilty of Count 1, drug possession; and Count 2, drug trafficking with a schoolyard specification.

**{¶3}** The court determined that the drug trafficking and drug possession convictions merged and the state elected to sentence Collins on the drug trafficking

counts. In CR-529965, the court sentenced Collins to two years for drug trafficking, concurrent to six months for possession of criminal tools. Collins was also ordered to forfeit the cell phone. In CR-533453, the court sentenced Collins to four years, consecutive to the sentence in CR-529965, for an aggregate prison term of six years.

{¶4} On appeal, this court reversed Collins's convictions for drug trafficking, the attendant schoolyard specification, and possession of criminal tools, finding they were not supported by sufficient evidence. This court also reversed the cell phone forfeiture order. This court affirmed Collins's convictions for drug possession, however, and remanded for resentencing on the drug possession counts. *State v. Collins*, 8th Dist. No. 95422, 2011-Ohio-4808.

{¶5} On September 30, 2011, while Collins's case was on appeal, H.B. 86 became effective. As a result, the maximum penalty for the drug possession charge in each case was reduced to three years.

{¶6} On remand, the trial court sentenced Collins in CR-529965 to three years incarceration; in CR-533453, Collins was sentenced to one year in prison. The trial court ordered the sentences to be served consecutively, for an aggregate sentence of four years.

{¶7} Collins now appeals the sentence imposed in CR-529965. He contends that the trial court violated his due process rights by imposing a harsher sentence upon remand (three years instead of the two he was originally sentenced to) after his successful appeal of his original convictions.

## II. Analysis

**{¶8}** In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that a trial court violates the due process clause of the Fourteenth Amendment when, motivated by retaliation for a defendant's successful appeal, it resentences a defendant to a harsher sentence. *Id.* at 724. Although a court may impose an enhanced sentence, it must demonstrate that it was not motivated by vindictiveness toward the defendant for exercising his rights. *Id.* at 723. Thus, to ensure that a non-vindictive rationale supports the increase, and to allay any fears of the defendant that an increased sentence is the product of vindictiveness, the *Pearce* court held that whenever a judge imposes an increased sentence after a successful appeal, there is a presumption of vindictiveness that can be rebutted only by objective information in the record justifying the increased sentence. *Id.*; *Wasman v. United States*, 468 U.S. 559, 564-565, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

**{¶9}** Subsequently, in *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Supreme Court limited the presumption announced in *Pearce* to those situations where there is a "reasonable likelihood" that the enlarged sentence was the product of vindictiveness. Where there is no such reasonable likelihood (*e.g.,* where the resentencing judge is different than the original judge,[1] or where a sentence imposed

---

[1] *See, e.g., State v. Douse*, 8th Dist. No. 82008, 2003-Ohio-5238; *State v. Gonzales*, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 NE.2d 903, ¶ 25.

after trial is greater than a first sentence imposed after a guilty plea[2] ), the presumption does not apply and the defendant has the burden of showing actual vindictiveness. *Id.* at 800.

{¶10} "Actual vindictiveness" implies an animus against a defendant because he exercised his right of appeal that resulted in the reversal of the prior conviction due to an error by the sentencing judge. *State v. Boyd*, 6th Dist. No. L-07-1095, 2009-Ohio-3803, ¶ 15, citing *State v. Howard*, 174 Ohio App.3d 562, 2007-Ohio-4334, 883 N.E.2d 1077 (2d Dist.); *Pearce* at 723.

{¶11} In this case, the original and resentencing judge were the same and accordingly, the presumption set forth in *Pearce* applies. Our review of the record demonstrates that, although there is nothing in the record to suggest that the resentencing judge imposed the harsher sentence due to actual vindictiveness,[3] there is also no objective information in the record to rebut the presumption that vindictiveness was behind the increased sentence.

{¶12} "[F]ollowing a defendant's successful appeal, a sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that

---

[2]    *Alabama    v.    Smith*,    490    U.S.    at    803.

[3]Indeed, it is quite possible that the trial court actually meant to sentence Collins to three years incarceration in CR-533453 (where the original sentence was four years) and to one year in CR-529965 (where the original sentence was two years), instead of to three years in CR-529965 and one year in CR-533453.

occurred subsequent to the original sentencing proceedings."[4] *Wasman*, 468 U.S. at 572, citing *Pearce*, 395 U.S. at 726. "Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources." *Id.* at 571, citing *Pearce*, 395 U.S. at 722-723. "Relevant conduct or events" sufficient to overcome the presumption of vindictiveness are those that throw "new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *Id.* at 570-571, quoting *Williams v. New York*, 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

{¶13} At sentencing, the trial court told Collins that he remembered the cases and described the events that led to the convictions. The judge reviewed Collins's criminal record and then, after giving his reasons for imposing consecutive sentences, sentenced Collins as set forth above. The trial court did not reference any information it had obtained since Collins's original sentencing, however, to justify the increased sentence

---

[4]In *State v. Quinones*, 8th Dist. No. 97054, 2012-Ohio-1939, ¶ 5, in reliance on *Pearce*, this court stated that the reasons for an increased sentence must be based on information concerning identifiable conduct by the defendant or events that occurred *after* the first sentencing. In *Wasman*, however, although not expressly deciding whether an increased sentence can be justified by reference to an event or conduct occurring before the original sentencing, the United States Supreme Court noted that *Pearce* "is not without its ambiguities" and that "two of the separate opinions in *Pearce* suggest that the Court did not intend to confine the sentencing authority's consideration to 'conduct' occurring subsequent to the first sentencing proceedings." The *Wasman* Court found it "unnecessary to reconcile these apparent ambiguities" in *Pearce* because the question whether an increased sentence can be justified by reference to an event or conduct occurring before the original sentencing was not presented by the case. *Wasman*, 468 U.S. at 571-572.

in CR-529965. Indeed, the only new information the judge had was that Collins had attended AA classes and obtained his GED while incarcerated.

{¶14} The State contends that the trial court's recitation of Collins's extensive criminal history was sufficient to justify the increased sentence. However, the record of the original sentencing hearing demonstrates that the trial court was aware of and reviewed Collins's criminal record before sentencing him the first time.

{¶15} Further, the State's assertion that the trial court could consider charges that were dismissed to justify a harsher sentence upon resentencing is without merit. "The fact that defendant was convicted of fewer offenses did not involve any conduct of the defendant in relation to the offense of which he was convicted. Neither did that fact throw 'new light' on defendant's life, health, habits, conduct and mental and moral propensities. * * * The fact that charges were dismissed, which as a result diminished the number of sentences the court could impose, portrays no basis for imposing harsher sentences." *State v. Bradley*, 2d Dist. No. 06CA31, 2008-Ohio-720, ¶ 18.

{¶16} Finally, the State contends that the increased sentence in CR-529965 is appropriate because Collins's aggregate sentence in both cases did not increase. But as the Ohio Supreme Court made clear in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, the sentencing package doctrine is not applicable to Ohio law; sentencing courts may not employ the doctrine when sentencing a defendant and appellate courts may not use the doctrine when reviewing a sentence or sentences. *Id.* at paragraph two of the syllabus. Thus, per *Saxon*, each count stands alone, and an

increased sentence on one count cannot be justified by the fact that the aggregate sentence for all counts did not increase.

{¶17} Accordingly, because the *Pearce* presumption applies, and the trial court made no affirmative findings on the record to justify the increased sentence, we are constrained to find vindictiveness in the trial court's imposition of the increased sentence in CR-529965 upon remand after Collins's successful appeal. Accordingly, we vacate Collins's sentence in CR-529965 and remand with instructions that the trial court modify the sentence in that case to two years.

{¶18} Additionally, because the record does not reflect that the trial court entered an order vacating Collins's convictions for drug trafficking, the attendant schoolyard specification, and possession of criminal tools, as instructed in our first remand of this case, this court sua sponte orders that Collins's convictions for drug trafficking, the attendant schoolyard specification, and possession of criminal tools are hereby vacated.

{¶19} Sentence vacated and remanded.

It is ordered that appellant recover of appellee his costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR