[Cite as *State v. Simms*, 2013-Ohio-5142.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-299 |
| | | (C.P.C. No. 09CR-4205) |
| Timothy L. Simms, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 21, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Timothy L. Simms, is pursuing a second appeal of his criminal case following a resentencing. He assigns five errors for our consideration:

First Assignment of Error:

At the March 11, 2013 hearing the trial court failed to sentence Appellant relative to counts two and four of the indictment yet its entry reflects that it imposed sentences of life without the possibility of parole as to each. These sentences were imposed in violation of Crim. R. 43(A) and the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

Second Assignment of Error:

The trial court's sentence was contrary to law in violation of R.C. § 2953.08(A)(4) when it imposed consecutive sentences

without making the required findings under R.C. § 2929.14(C)(4).

Third Assignment of Error:

The trial court abused its discretion in imposing consecutive sentences of life imprisonment without the possibility of parole.

Fourth Assignment of Error:

Appellant was deprived of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution when the court imposed a harsher sentence on him upon remand.

Fifth Assignment of Error

At the March 11, 2013 hearing, the trial court ordered Appellant to serve four consecutive life without parole sentences yet its journal entry reflects that it had actually imposed five consecutive life without parole sentences. This additional punishment was imposed in violation of Crim. R. 43(A) and the Fifth and Fourteenth Amendments of the Unites States Constitution and Article I, Section 16 of the Ohio Constitution.

{¶ 2} In his first appeal, *State v. Simms,* 10th Dist. No. 10AP-1063, 2012-Ohio-2321, Simms assigned errors regarding the way his jury trial was conducted. He also assigned errors regarding the sentences imposed following his multiple convictions for rape of a child under the age of ten and related offenses. We remanded the case for a new sentencing hearing because conviction of several of the offenses involved merger of allied offenses of similar import under the authority of *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, and for purposes of R.C. 2941.25(A). The State confessed error as to a number of the offenses, because the trial court had not addressed the issue as to several charges.

{¶ 3} At the second sentencing hearing for Simms, the trial court judge made it unmistakably clear that he wanted Simms to spend the rest of his life in prison. The issues in this appeal are whether or not the trial judge complied with the pertinent Ohio

sentencing statutes in pursuing that intention and whether any such errors rise to the level of plain error if some of the sentencing requirements were not met.

{¶ 4}   The facts regarding Simms' conviction were graphically set forth in our first appellate decision. Simms grotesquely abused a young child repeatedly. The trial judge's opinion that Simms should spend the rest of his life in prison is understandable, given the testimony the judge heard at the jury trial.

{¶ 5}   Turning to the actual assignments of error, Simms was 54-years old as of the date of his sentencing hearing. He was a middle-aged man when he committed the rapes and when he engaged in other sexual activity with the child. Nothing in the record can be construed as proof that Simms would not engage in sexually deviant behavior once again if he were allowed in free society.

{¶ 6}   At the hearing, the trial court specifically referred to the sentence of life without parole on Counts 1, 3, 5, and 6 of the indictment, but imposed a sentence of life without parole on Counts 1 through 6 of the indictment in the judgment entry. Simms submits that this was plain error as a matter of law and the matter must be remanded for resentencing.

{¶ 7}   The State contends that the trial court's intention was clear that it was resentencing on Counts 1 through 6 of the indictment and intended to give life without parole on all counts, that as a practical matter it does not make any difference whether Simms was sentenced to four life sentences without the possibility of parole with the remaining two life terms to run concurrently or six such consecutive sentences.

{¶ 8}   The test for plain error is stringent. A party claiming plain error must show that: (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the proceeding. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 378. Simms was sentenced to four terms of life without the possibility of parole at his second sentencing hearing. However, the sentencing entry was at variance with what the court pronounced in open court. The trial court failed to sentence Simms relative to Counts 2 and 4 of the indictment yet its entry reflects that it imposed sentences of life without the possibility of parole as to each. As noted, the State requests that we find no plain error resulting from the trial court's failure to make the necessary statutory findings. However, the trial court's action was taken outside the presence of the defendant in violation of

Crim.R. 43(A), the Fifth and Fourteenth Amendments to the U.S. Constitution, and Ohio Constitution, Article I, Section 16, and therefore constitutes plain error. To hold otherwise would be tantamount to making sentencing under Crim.R. 43(A) of no effect even if the sentence pronounced in the offender's presence differed from that in the court's judgment entry.

{¶ 9} For the sake of clarity and consistency in these types of cases, we find the failure to sentence Simms on two of his rape counts at the hearing and to impose six consecutive life sentences without the possibility of parole on the judgment entry to be plain error and remand the matter to the trial court for resentencing. The first and fifth assignments of error are sustained.

{¶ 10} Simms also argues that the trial court imposed consecutive terms of imprisonment without making the required findings under R.C. 2929.14(C)(4). The State argues that because Simms' offenses occurred before the effective date of H.B. No. 86, there was no need for the trial court to make those findings. However, the State's argument has been previously addressed and rejected by this court. *State v. Hunter*, 10th Dist. No. 13AP-196, 2013-Ohio-4013, citing *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 12 ("Because the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on appellant's multiple offenses, appellant's sentence is contrary to law and constitutes plain error."); *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7 (Noting, in response to State's argument that plain error standard should be applied to court's failure to comply with R.C. 2929.14(C)(4), "[o]ur recent cases indicate a tendency of this court to view a failure to precisely comply with R.C. 2929.14 as plain error as a matter of law."); *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46 ("Failure to fully comply with R.C. 2929.14(C)(4) is plain error as a matter of law.").

{¶ 11} In *Hunter*, this court set forth what is now required:

R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that

consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} H.B. No. 86 became effective September 30, 2011. The enactment of H.B. No. 86 "revived the language in R.C. 2929.14(E)(4) regarding consecutive sentences and codified it as R.C. 2929.14(C)(4)." *Wilson* at ¶ 12. The revisions to the felony sentencing statutes under H.B. No. 86 "now require a trial court to make specific findings on the record, as set forth in R.C. 2929.14(C)(4), when imposing consecutive sentences." *State v. Peddicord*, 3d Dist. No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, R.C. 2929.14(C)(4) now requires the trial court to make the following three findings before imposing consecutive sentences: "(1) that consecutive sentences are necessary to protect the public from the future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply." *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 86. A trial court "is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences," but "the record must reflect that the court made the findings required by the statute." *Id.*

{¶ 13} The second assignment of error is sustained.

{¶ 14} Simms further argues that the sentencing court abused its discretion in imposing consecutive sentences of life without the possibility of parole. The judgment entry reflects that the trial court considered the statutory factors in R.C. 2929.11 and 2929.12. In open court, the sentencing judge reiterated the court's intention to impose consecutive life sentences without the possibility of parole to make sure that Simms was never released into free society. In other words, the court rejected counsel's arguments that a lesser sentence was more appropriate and would serve to give Simms some hope. The third assignment of error is overruled.

{¶ 15} Finally, Simms argues that the court imposed a harsher sentence when it increased the sentence from four consecutive life terms to six such terms at the second sentencing. At the first sentencing hearing, the trial court orally imposed a term of life imprisonment as to the rape Counts 1 through 6 of the indictment, with Counts 1, 3, 5, and 6 of the indictment running consecutively, and Counts 2 and 4 of the indictment running concurrently. At the second sentencing hearing, the court sentenced Simms on Counts 1, 3, 5, and 6 of the indictment, but did not impose any sentence as to Counts 2 and 4 of the indictment. On remand, the trial court can clarify its intention, and if it wishes to impose a greater sentence than at the first hearing, it must do so in accordance with the criteria outlined in *State v. Thrasher*, 178 Ohio App.3d 587, 2008-Ohio-5182 (2d Dist.) and the cases cited therein. On remand, the court can articulate legitimate reasons for imposing a harsher sentence if that is what it chooses to do, or it can reimpose the original sentence if that is its intent. The fourth assignment of error is rendered moot.

{¶ 16} Based on the forgoing, assignments of error one, two, and five are sustained, assignment of error three is overruled, and assignment of error four is rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings in accordance with this decision.

*Judgment affirmed in part*
*reversed in part and cause remanded.*

T. BRYANT, J., concurs.
DORRIAN, J., concurs separately.

T. BRYANT, J., retired, formerly of the Third Appellate
District, assigned to active duty under the authority of Ohio
Constitution, Article IV, Section 6(C).

DORRIAN, J., concurring separately.

{¶ 17} I concur separately with the majority's conclusion that the requirements of H.B. No. 86 applied to the resentencing of appellant.

{¶ 18} The State argues that because Simms' offenses occurred before the effective date of H.B. No. 86 *and* he was originally sentenced before the effective date of the amendments, the trial court was not required to make the findings.

{¶ 19} Here, Simms' offense and original sentencing took place prior to September 30, 2011. However, this case was reversed and remanded for new sentencing in *State v. Simms*, 10th Dist. No. 10AP-1063, 2012-Ohio-2321 ("*Simms I*"). In *Simms I*, we found error with the trial court's original sentence because there was a discrepancy between the court's oral sentence and the judgment entry regarding Counts 1 through 6 of the indictment. We then mooted alleged error regarding failure to follow sentencing guidelines noting that the case was being remanded "given the fact that the trial court's sentence is unclear and a resentencing hearing must occur in order to clarify the sentence [discrepancy]." *Id.* at ¶ 65. We further found that "[b]ased upon the State's concessions, we sustain appellant's * * * assignment of error [for failure to merge] as it relates to Counts 1, 2, 3, and 4 of the indictment, and Counts 7, 8, 9, and 10 of the indictment so that the State can elect the counts on which it wishes to proceed. As to the issue of whether or not the remaining counts [11, 12, 13, 14, 15] are allied offenses subject to merger, because this matter is hereby remanded for resentencing due to a variety of issues, we shall leave it to the trial court to make a determination at the time of resentencing as to whether those offenses are allied and subject to merger." *Id.* at ¶ 69. For these reasons, we reversed and remanded for resentencing subject to the "limitation set forth [in the decision]" and "consistent with [the] decision." *Id.* at ¶ 70, 71. However, we remanded all of the Counts 1 through 15 of the indictment.

{¶ 20} The resentencing hearing took place March 11, 2013, after H.B. No. 86's September 30, 2011 effective date. At the hearing, the trial court referred to the resentencing as de novo. (Mar. 11, 2013 Tr. 38.) Furthermore, in its entry, the trial court stated that it "permitted the parties to address the issue of merger and the de novo sentencing hearing." It is clear the trial court considered the resentencing to be de novo.

{¶ 21} We have held that H.B. No. 86 applies to defendants who were sentenced on or after the effective date of September 30, 2011. *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 12 ("In the present case, there is no dispute that appellant's sentence had not been 'already imposed' at the time H.B. No. 86 became effective. The state argues, however, that R.C. 1.58(B) does not apply because 'requiring trial courts to make [the consecutive sentencing] findings does not "reduce [ ] the penalty for any offense." ' * * * We disagree. The penalty or punishment for the offenses might arguably be reduced if the trial court were required to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences."); *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 37 ("In [*Wilson*], we held that H.B. No. 86 applies to defendants that were sentenced on or after its effective date, September 30, 2011, by operation of R.C. 1.58(B)."); *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 79; and *State v. Bass*, 10th Dist. No. 12AP-622, 2013-Ohio-4503, ¶ 42. Given the precedent already set by this court, and the specific facts of this case, I would find R.C. 2929.14(C)(4) applied to the trial court's de novo resentencing of appellant in this case.

{¶ 22} I concur with the remainder of the majority decision.