OPINION
{¶ 1} Defendant, David Thrasher, appeals from a judgment denying his petition for post conviction relief.
 {¶ 2} On May 6, 2004, L.F. and her boyfriend, C.J., left the Fairborn apartment that C.J. shared with Defendant, when *Page 2 
C.J. went to work. Shortly thereafter, L.F. received a text message from Defendant asking her to bring him a Red Bull energy drink. L.F. initially explained that she was too busy because she had to pick up her paycheck in Centerville and then go to Xenia to pay a traffic fine. Defendant offered to loan L.F. the money to pay her fine if she would bring him the drink he requested. L.F. agreed and purchased the energy drink and took it back to the apartment to Defendant.
 {¶ 3} L.F. accompanied Defendant back to his bedroom, believing that he would give her the money he had promised. Instead, Defendant closed the door and prevented L.F. from leaving. Defendant then fondled L.F.'s breasts, performed oral sex on her, and vaginally raped her. When L.F. finally left the apartment she drove to her place of employment in Centerville where she reported the assault.
 {¶ 4} Defendant was indicted on two counts of rape, R.C.2907.02(A)(2), one count of gross sexual imposition, R.C. 2907.05(A)(1), and one count of abduction, R.C. 2905.02(A)(2). Following a jury trial, Defendant, who admitted that sexual conduct occurred but claimed that it was consensual, was found guilty of all counts. The trial court sentenced Defendant to concurrent prison terms of nine years. On direct appeal we affirmed Defendant's convictions but reversed his sentences *Page 3 
and remanded the case for resentencing per State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v. Thrasher (March 17, 2006), Greene App. No. 2004-CA-113, 2006-Ohio-1260.
 {¶ 5} On June 17, 2005, Defendant filed a petition for post conviction relief pursuant to R.C. 2953.21. As grounds for relief, Defendant alleged ineffective assistance of trial counsel based upon counsel's failure to introduce evidence at trial that Defendant had provided him showing that, on the night prior to the alleged sexual assault, L.F. and C.J. had used drugs and engaged in sexual activity all night.
 {¶ 6} The State filed a motion for summary judgment, arguing that the affidavits submitted in support of Defendant's post conviction petition were not credible, and that defense counsel's decision not to use the information provided by Defendant was a matter of trial strategy. On April 25, 2006, the trial court overruled Defendant's petition without a hearing and granted the State's motion for summary judgment. The court found that the affidavits Defendant submitted in support of the post conviction petition were not credible, that the information Defendant wanted counsel to use at trial was likely not admissible, that counsel's decision not to pursue it was a matter of sound trial strategy, and that the information would not have changed the result of the *Page 4 
trial in any event.
 {¶ 7} Defendant timely appealed to this court from the trial court's decision overruling his petition for post conviction relief.
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE COURT ERRED IN DENYING THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT A HEARING."
 {¶ 9} Defendant claims that there was such a denial or infringement of his constitutional rights because of ineffective assistance of counsel as to render his judgment of conviction void or voidable. R.C.2953.21(A)(1).
 {¶ 10} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 11} Pursuant to R.C. 2953.21, a petitioner is not automatically entitled to a hearing. The trial court must first determine, upon examining the petition, any supporting *Page 5 
affidavits and all the files and records pertaining to the case, that there are substantive grounds for relief. R.C. 2953.21(C);State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102. When a post conviction petition is based on allegations of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts that demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Calhoun.
 {¶ 12} In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition to determine whether to accept the affidavit as true statements of fact.State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102; State v.Coleman (July 29, 2005), Clark App. Nos. 04CA43 and 44, 2005-Ohio-3874. In assessing the credibility of affidavits, the trial court should consider all relevant factors, including:
 {¶ 13} "(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether *Page 6 
the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." Calhoun, at 285; Coleman at ¶ 25-26.
 {¶ 14} One or more of the Calhoun factors, to the extent that any of them apply, may be sufficient to justify a conclusion that an affidavit asserting information outside the record lacks credibility. Id.
 {¶ 15} The trial court's decision dismissing Defendant's post-conviction petition without a hearing was, in effect, a summary judgment for the State authorized by R.C. 2953.21(D). Although in summary judgment proceedings the trial court ordinarily cannot weigh and consider the credibility of evidentiary material such as affidavits, pursuant to Calhoun the trial court is permitted in statutory post-conviction proceedings to weigh the credibility of affidavits submitted in support of a post-conviction petition, to a limited extent, before proceeding to determine whether substantive grounds for relief are shown. Calhoun at ¶ 28. *Page 7 
 {¶ 16} As grounds for his ineffective assistance of counsel claim, Defendant contended that prior to trial he had told his trial attorney that the victim, L.F., and her boyfriend, C.J., engaged in prolonged sexual activity the night before the alleged rape, activity that was induced or assisted by C.J.'s ingestion of crystal meth and Viagra. Defendant's petition was supported by his own affidavit so stating. He also submitted the affidavits of his ex-wife, Heidi Thrasher, and his girlfriend, Carrie Shoneweiler, both of whom averred that they were present when Defendant imparted the information about the victim's sexual activity the night before to his trial attorney.
 {¶ 17} The record reflects that Defendant's attorney did not cross-examine either L.F. or C.J. about their alleged sexual activity when they testified at trial. That failure was prejudicial, Defendant argues, because there was no evidence corroborating L.F.'s testimony that she had been forcibly raped by Defendant, except the testimony of a nurse who examined L.F. at a hospital within an hour or two after the alleged rape occurred. When asked whether she observed any external injuries that L.F. may have suffered in the course of the alleged rape, the nurse testified:
 {¶ 18} "On her right back there was a reddened area that *Page 8 
she said wasn't there before this event happened, and she said she was also sore and her legs hurt." (T. 91).
 {¶ 19} Defendant argues that because these injuries could have as well resulted from the prolonged sexual activity in which L.F. and C.J. allegedly engaged the night before, that his trial attorney was ineffective for failing to bring that matter out in his cross-examination of those witnesses. The jury's rejection of the probative value of that evidence as corroborative of the criminal conduct alleged would benefit Defendant.
 {¶ 20} In dismissing Defendant's petition without a hearing and granting the State's motion for summary judgment, the trial court held that the affidavits submitted in support of the petition lacked credibility when examined in light of the Calhoun factors. On this record, we find that the trial court abused its discretion, as that term is defined by law. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 21} In Calhoun, the petition was filed by a defendant who had entered a negotiated guilty plea to charges of attempted aggravated murder, rape, and aggravated burglary. His involvement in the criminal conduct concerned was conclusively shown by D.N.A. test results. The Crim.R. 11(C) colloquy in which he and the court had engaged fully supported *Page 9 
the defendant's desire to enter the guilty plea. Nevertheless, after he was sentenced, the defendant filed a petition for post-conviction relief, arguing that his guilty plea was less than knowing, intelligent, and voluntary, for two reasons. First, because he had asked his trial attorney to file a pre-sentence Crim.R.32.1 motion to withdraw the guilty plea and the attorney refused. Second, because the sentence he received was greater than his attorney had told the defendant the trial court would likely impose.
 {¶ 22} The trial court in Calhoun denied the petition without a hearing. The court of appeals reversed, holding that affidavits of the defendant and his mother that were submitted in support of a hearing mandated a hearing. The Supreme Court disagreed, holding that the trial court could reasonably reject or disbelieve the affidavits.
 {¶ 23} The Supreme Court noted that the trial court judge that denied the petition in Calhoun had presided at the defendant's change of plea hearing "and was in the best position to observe the defendant and his attorney and therefore assess the credibility of the affidavits."Id. P. 287. Further, the affidavits of the defendant and his mother were "based on out-of-court statements allegedly made by defendant's trial counsel. Therefore, they contain and rely *Page 10 
on hearsay. In addition, the affiants are clearly relatives of the petitioner or otherwise interested in the success of petitioner's efforts." Id., p. 287. Finally, and perhaps most importantly, the affidavits contradicted the record of the plea proceeding by "recanting prior statements defendant made on the record, both orally and in writing in his signed plea agreement." Id. P. 289. Further, an affidavit filed by the defendant's trial attorney explained that he had declined to file a Crim.R. 32.1 motion because the D.N.A. evidence implicating the defendant was overwhelming proof of his guilt.
 {¶ 24} In the present case, the affidavits were submitted by Defendant, his ex-wife, Heidi Thrasher, and his girlfriend, Carrie Shonkwiler. The trial judge reviewing the post conviction petition noted that he had presided over Defendant's trial and heard all three affiants testify at trial. Two of the three affidavits, Defendant's and Heidi Thrasher's, appear to have been drafted by the same person, and all three contain similar allegations that Defendant told his attorney that on the night before this rape occurred L.F. and C.J. had used drugs and engaged in sex all night long. The court found that each of the three affidavits relies on or contains hearsay in the form of out-of-court statements made by Defendant or C.J., which the affiant repeats. *Page 11 
Furthermore, as the court found, all of these affiants, Defendant, his ex-wife, and his girlfriend, are persons interested in the success of Defendant's efforts. The court further found that the questioning at trial provided these affiants with an opportunity to relate the allegations they made in their affidavits, but none of them did.
 {¶ 25} We cannot disagree with the trial court's finding that two of the three affidavits, Defendant's and his ex-wife's, appear to have been drafted or prepared by the same person, or that all three affiants are persons who are interested in the success of Defendant's petition. However, the facts of this case are far less compelling than those ofCalhoun in respect to the affiants' lack of credibility.
 {¶ 26} First, though the trial judge also had presided at Defendant's trial, the conviction at issue resulted not from a guilty plea, as it did in Calhoun, but from a trial at which Defendant disputed his guilt.
 {¶ 27} Second, nothing in the affidavits contradicts evidence to which the affiants testified at trial. All three testified, but none was asked about the new matter contained in the affidavits. Their credibility is not diminished because they did not volunteer that information at trial.
 {¶ 28} Third, unlike the D.N.A. evidence in Calhoun, the *Page 12 
only evidence probative of Defendant's guilt was the testimony of the alleged rape victim, L.F., and the corroborative evidence of a redness on L.F.'s back to which the nurse testified. That corroborative evidence was ambiguous, at best, and arguably could be attributed as well to L.F.'s alleged sexual activity the night before, the issue that Defendant complains his attorney was told about but failed to bring out.
 {¶ 29} Fourth, unlike in Calhoun, there was no affidavit from Defendant's trial attorney explaining why, if he was told of L.F.'s sexual activity the night before, the attorney made no effort to exploit that fact to Defendant's benefit. The trial court notes that the evidence may have been inadmissible pursuant to R.C. 2907.02(D), the rape shield statute, or excluded pursuant to Evid.R. 403 as inflammatory, had counsel attempted to offer it. That may have been counsel's trial strategy, but on this record the court's finding that it was is speculative. That the court would have excluded the evidence pursuant to Evid.R. 403 does not resolve the claim that Defendant's counsel was ineffective for failing to offer it, in view of Defendant's right of appeal. The court's finding also assumes that the rape shield statute is not subject to a constitutional challenge when it applies to bar *Page 13 
the admission of evidence that is otherwise relevant to guilt or innocence, and that for that reason Defendant's attorney properly failed to raise one. However, we are not aware that the constitutionality of the statute in that respect is a settled question.
 {¶ 30} Fifth, and finally, the affidavits do not rely on hearsay. They were offered to prove what Defendant told his attorney. Defendant is competent to testify concerning his own out-of-court statement. The other two affiants are competent to testify to the operative fact that they heard it said, which is what their affidavits relate. See Weissenberger's Ohio Evidence Treatise (2006 Ed.), § 801.8. Their testimony would be hearsay only if offered to prove that L.F. and C.J. engaged in sexual activity the night before the alleged rape, but that is not the purpose for which their evidence was offered.
 {¶ 31} We believe that Calhoun stands for the proposition that a trial court is not required to credit affidavits in support of an R.C. 2953.21
petition for post-conviction relief merely because they are filed. Nevertheless, as Calhoun observed, "a trial court should give due deference to affidavits sworn under oath and filed in support of the petition." Id., at p. 284. Affidavits therefore enjoy a *Page 14 
presumption of credibility, which may be rebutted only when the applicable factors in Calhoun strongly support a contrary holding. That is not the case here.
 {¶ 32} Calhoun is concerned with manufactured grounds for relief involving propositions which the record shows are lacking in foundation. The court is not then required to proceed beyond the face of the affidavits offered in support of the grounds for relief alleged, and may reject the affidavits and dismiss the petition. However,Calhoun does not authorize that result because the court intuits that the affiants are not worthy of belief. Instead, the court must proceed to determine whether substantive grounds for relief are objectively shown, and if they are to hold a hearing.
 {¶ 33} The assignment of error is sustained. The judgment from which this appeal was taken will be reversed, and the case remanded for further proceedings on Defendant's petition.
 BROGAN, J. And DONOVAN, J., concur. *Page 1