OPINION
{¶ 1} David W. Thrasher appeals from a judgment of the Greene County Court of Common Pleas, which denied his petition for postconviction relief.
 {¶ 2} In his petition, Thrasher claimed that he was denied the effective assistance of *Page 2 
counsel because his attorney knew of potentially exculpatory evidence but did not use it in Thrasher's defense. Because the trial court reasonably concluded that defense counsel pursued a sound trial strategy, the judgment of the trial court will be affirmed.
 I {¶ 3} In 2004, Thrasher was found guilty by a jury of two counts of rape, one count of gross sexual imposition, and one count of abduction. He was sentenced to imprisonment for an aggregate term of nine years.
 {¶ 4} In 2005, Thrasher filed a petition for postconviction relief alleging ineffective assistance of counsel. Specifically, he claimed that his trial counsel had failed to introduce evidence provided by Thrasher that the victim had used drugs and had engaged in sexual activity with her boyfriend on the night before the alleged attack, which would have refuted some of the physical evidence introduced at trial. The trial court denied the petition without a hearing. We reversed the trial court's judgment, holding that it had improperly assessed the credibility of affidavits offered in support of the petition. State v. Thrasher, Greene App. No. 06CA0069, 2007-Ohio-674. After conducting a hearing, the trial court again denied the petition.
 {¶ 5} Thrasher appeals, raising one assignment of error.
 II {¶ 6} Thrasher's assignment of error states:
 {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO VACATE THE APPELLANT'S CONVICTION DUE TO THE INEFFECTIVENESS OF COUNSEL WHERE COUNSEL WAS INFORMED OF A SOURCE OF PHYSICAL EVIDENCE THAT WOULD NEGATE A FINDING OF FORCE BY THE TRIER OF FACT." *Page 3 
 {¶ 8} Thrasher contends that he was denied the effective assistance of counsel because his attorney did not utilize exculpatory evidence that had been provided to counsel by Thrasher, his estranged wife, and his girlfriend in presenting Thrasher's defense.
 {¶ 9} A brief recitation of the facts will be helpful to our discussion of this assignment of error. The victim was dating Thrasher's roommate, Curtis, at the time of the alleged attack. On the morning of the attack, she left Thrasher's apartment at the same time as Curtis, intending to pick up her paycheck, pay a traffic fine, and then report to work. After the victim left, Thrasher called her and asked her to bring him a Red Bull energy drink. The victim explained that she did not have time because of the errands she was running, but Thrasher offered to loan her the money to pay the traffic ticket, thereby saving her the extra trip to get her paycheck, if she brought him a Red Bull. The victim accepted this offer and returned to the apartment.
 {¶ 10} According to the victim, she followed Thrasher to his bedroom expecting to be given the money for the ticket. Instead, he closed the door and forcibly fondled her breasts, performed cunnilingus, and vaginally raped her. When the victim was allowed to leave the apartment, she drove to her workplace, reported the assault, and vomited. She was then taken to a hospital. A nurse who examined the victim at the hospital testified at trial that the victim had had redness on her back and had complained that her legs hurt.
 {¶ 11} Thrasher's petition for postconviction relief included his own affidavit and affidavits from his estranged wife, Heidi Thrasher, and his girlfriend, Carie Shonkwiler. Thrasher's affidavit alleged that Curtis had had sex with his girlfriend, the victim, for three hours the night before the alleged rape, that Curtis "was doing Viagra," and that both the victim and Curtis were "doing crystal meth." Thrasher further alleged that, "[a]fter the 3 hours of sex, *Page 4 
[the victim] had redness on her back and hips." Thrasher claimed that he told his attorney, Don Brezine, about the sex and drug use of the victim. Thrasher further asserted that the victim had wanted sex with him for a week before the alleged rape and that he had reported this fact to his lawyer. Similarly, Heidi Thrasher's affidavit stated that she had heard Curtis say that he and the victim had had sex "all night" before the alleged attack and that they had used crystal meth and Viagra. Heidi Thrasher also claimed to have heard Thrasher recount these facts to his attorney. Finally, Shonkwiler claimed in her affidavit that she had also heard Thrasher tell his lawyer that the victim "had sex for three hours the night before while she and Curtis were on crystal meth and Viagra and that she had red marks on her back from prolonged sex."
 {¶ 12} Thrasher seeks postconviction relief on the ground that his attorney was ineffective in failing to use the information about the victim's prolonged sex and drug usage the night before the alleged attack to offer alternate explanations for the redness on victim's back and her vomiting.
 {¶ 13} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." When a petition for postconviction relief asserts that the defendant was denied the effective assistance of counsel, "the petitioner bears the initial burden * * * to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by *Page 5 
counsel's ineffectiveness." State v. Hennis, Clark App. No. 2006 CA 56,2007-Ohio-1670, at ¶ 5, citing State v. Jackson (1980),64 Ohio St.2d 107, 111, 413 N.E.2d 819.
 {¶ 14} We review allegations of ineffective assistance of trial counsel under the two prong analysis set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to these cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id.
 {¶ 15} A trial court's decision granting or denying a petition for postconviction relief "should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679,860 N.E.2d 77, at
 {¶ 16} At the hearing on his petition for postconviction relief, Thrasher and his wife testified on his behalf, and the state called attorney Don Brezine. Heidi Thrasher testified that she told Brezine at least three times about the victim's drug use and sexual activity with Curtis the night before the alleged attack. Specifically, she claimed that the victim and Curtis spent that night at Heidi's home babysitting Heidi's child while she went to her boyfriend's house. When Heidi arrived home in the morning, she heard sounds that she associated with sexual *Page 6 
activity coming from her bedroom. She further testified that when the victim and Curtis came out of the bedroom, they looked "wired." Thrasher testified that he gave Curtis a Viagra the night before the attack so that Curtis could go on a "sex marathon" and that he told Brezine of this fact at least six times. He also claimed to have told Brezine of his use of crystal meth with Curtis and the victim the night before the alleged attack, although he admitted that he did not mention this fact in his extensive testimony at trial.
 {¶ 17} Brezine testified and produced thirty pages of notes from his conversations with Thrasher before trial. Brezine stated that he did not recall being told that the victim used crystal meth the night before the attack, and his notes did not contain any reference to this fact. With regard to the victim's sexual activity, Brezine testified that he had been aware that the victim was dating Thrasher's roommate but that he did not remember being told about sexual activity the night before the attack. His notes contained a reference to "having sex all night," but it was not clear to whom the note referred. The page at issue had Curtis's name and phone number at the top, but it also mentioned that Thrasher had sexual relations with several women in the two weeks prior to the attack. Brezine testified that he was "fairly certain" that Thrasher's claim that marks on the victim came from other sexual activity had not come up in their discussions before trial.
 {¶ 18} After considering this evidence, the trial court denied the petition. The court noted that Thrasher and his wife both testified at trial but did not offer any testimony at that time about the victim's drug usage or other pertinent events the night prior to the alleged attack. The court found that Thrasher's defense reasonably relied on his claim that sexual relations with the victim had been consensual. Under this theory, "whether or not the victim engaged in sexual *Page 7 
relations the entire evening before would have little conclusive bearing upon the jury's decision" because redness on the victim's back could have come from consensual sex with Thrasher. The court also concluded that, even assuming that defense counsel had been aware of the alleged drug use by the victim, he could have reasonably decided not to use that evidence because it might have undercut the defense theory that Thrasher's sexual relations with the victim had been consensual. The trial court also concluded that attorney Brezine was more credible than Thrasher and his wife.
 {¶ 19} Based on the evidence presented at the hearing and the reasonableness of the defense strategy at trial, we cannot conclude that Thrasher was denied the effective assistance of counsel. The trial court did not abuse its discretion in denying Thrasher's petition for postconviction relief.
 {¶ 20} The assignment of error is overruled.
 III {¶ 21} The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Elizabeth A. Ellis
L. Patrick Mulligan
George A. Katchmer
 Hon. Stephen A. Wolaver *Page 1