[Cite as *State v. Thrasher*, 2013-Ohio-2472.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                   :         C.A. CASE NO. 2012 CA 30

v.                                          :         T.C. NO.    04CR355

DAVID W. THRASHER                           :         (Criminal appeal from
                                       Common Pleas Court)
    Defendant-Appellant                  :

                                            :

· · · · · · · · · ·

# **O P I N I O N**

Rendered on the ____14th____ day of _____June_____, 2013.

· · · · · · · · · ·

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton Xenia Rd., Beavercreek, Ohio 45432
      Attorney for Defendant-Appellant

DAVID W. THRASHER, Atty. Reg. No. A485-519, London Correctional Institute, P. O. Box 69, London, Ohio 43140
      Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}   Defendant-appellant David W. Thrasher appeals the trial court's judgment

entry correcting his post-release control and re-sentencing him after a hearing held on April 4, 2012. Thrasher filed a timely notice of appeal with this Court on April 20, 2012.

{¶ 2} In September of 2004 after a jury trial, Thrasher was found guilty of two counts of rape, one count of gross sexual imposition, and one count of abduction. The trial court sentenced Thrasher to an aggregate prison term of nine years. Thrasher appealed his conviction and sentence. In an opinion issued on March 17, 2006, we affirmed his convictions but remanded for re-sentencing pursuant to the Ohio Supreme Court's holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *State v. Thrasher*, 2d Dist. Greene No. 2004-CA-113, 2006-Ohio-1260 (hereinafter "*Thrasher I*"). On remand, the trial court sentenced Thrasher to ten years in prison, and he appealed. On appeal, we found that the new, harsher sentence was vindictive and violated Thrasher's due process rights. *State v. Thrasher*, 178 Ohio App.3d 587, 2008-Ohio-5182, 899 N.E.2d 193 (2d Dist.) (hereinafter "*Thrasher II*"). Accordingly, we modified Thrasher's sentence and ordered the trial court to impose an aggregate sentence of nine years in prison. *Id*.

{¶ 3} While his initial direct appeal was pending, Thrasher filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The trial court overruled Thrasher's petition without a hearing in a judgment entry issued on April 25, 2006. Thrasher appealed, and we reversed the trial court's judgment in an opinion issued on February 16, 2007. *State v. Thrasher*, 2d Dist. Greene No. 06CA0069, 2007-Ohio-674 (hereinafter "*Thrasher III*"). In *Thrasher III*, we remanded the case for further proceedings with respect to Thrasher's petition for post-conviction relief.

{¶ 4} Following a hearing, the trial court overruled Thrasher's petition for

post-conviction relief in a decision issued on February 7, 2008. Thrasher appealed and we affirmed the judgment of the trial court. *State v. Thrasher*, 2d Dist. Greene No. 2008-CA-15, 2009-Ohio-905 (hereinafter "*Thrasher IV*"). Specifically, we found that Thrasher's trial counsel was not ineffective for failing to present evidence that the victim recently had sex with her boyfriend before she was allegedly raped by Thrasher. *Id*. We also found that defense counsel's trial strategy was reasonable under the circumstances. *Id*.

{¶ 5} On January 17, 2012, the State filed a motion to correct Thrasher's post-release control. A hearing was held on April 4, 2012, after which Thrasher's post-release control was corrected by the trial court, and his previous sentence of nine years was re-imposed. It is from this judgment that Thrasher now appeals.

{¶ 6} Appointed counsel for defendant-appellant Thrasher submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. By magistrate's order of September 11, 2012, we informed Thrasher that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. We invited Thrasher to file a pro se brief assigning any error for our review within sixty days. Thrasher filed a pro se appellate brief asserting two assignments or error.

{¶ 7} Because they are interrelated, Thrasher's first and second assignments of error will be discussed together as follows:

{¶ 8} "APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHERE COUNSEL FAILED TO MAKE THE ADVERSARIAL TESTING PROCESS WORK AT TRIAL, IN VIOLATION OF THE SIXTH AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶ 9} "APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW BY THE CUMULATIVE EFFECT OF MISCONDUCT BY THE PROSECUTOR THROUGHOUT THE PROCEEDINGS."

{¶ 10} The foregoing assignments of error involve matters that could have been raised or were raised in Defendant's prior merit appeals in *Thrasher I* and *IV*.

{¶ 11} The doctrine of res judicata provides that "[a] valid, final judgment rendered on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Township*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995), syllabus. The doctrine, as applied to claims, has historically been called estoppel by judgment in Ohio. *Id.* Res judicata is not a basis for dismissal of a claim. Rather, it is a basis on which courts rely to preclude adjudication of a claim or claims.

{¶ 12} On December 23, 2010, the Ohio Supreme Court rendered its decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In *Fischer*, the trial court had failed to notify the defendant of the terms of his post release control, which the court is required by R.C. 2929.19(B) to do at the sentencing hearing. Specifically, the *Fischer* court held that the new sentencing hearing that the offender is entitled to under *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified, is limited to the proper imposition of post-release control. Further, res judicata still applies to other aspects of the merits of a conviction including the determination of guilt and the lawful elements of the ensuing sentence. *Fischer*, 128 Ohio St.3d 92, at ¶¶ 2-3 of the syllabus. The *Fischer* court also held that the scope of an appeal from a re-sentencing hearing in which a mandatory term of post-release control is imposed is limited to issues arising at the re-sentencing hearing. *Id.* at ¶ 4 of the syllabus.

{¶ 13} On appeal, Thrasher does not allege any error in the re-imposition of

post-release control.     Rather, he claims ineffectiveness of counsel and prosecutorial misconduct which purportedly occurred at trial.   Thus, Thrasher's assignments are clearly barred by res judicata, and we do not reach the merits of his arguments.

{¶ 14}   Thrasher's first and second assignments of error are overruled.

{¶ 15}   In the performance of our duty, under *Anders v. California,* to conduct an independent review of the record, we have found no additional potential assignments of error having arguable merit.   Both of Thrasher's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Joe Cloud
David W. Thrasher
Hon. Stephen A. Wolaver