**[Cite as *State v. Trigg*, 2026-Ohio-585.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :    C.A. No. 30510 |
|     Appellee | : |
| | :    Trial Court Case No. 2022 CR 01448 |
| v. | : |
| | :    (Criminal Appeal from Common Pleas |
| JOHNNY LEE TRIGG | :    Court) |
| | : |
|     Appellant | :    **FINAL JUDGMENT ENTRY &** |
| | :    **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 20, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

JOHNNY LEE TRIGG, Appellant, Pro Se
ANDREW T. FRENCH, Attorney for Appellee

TUCKER, J.

**{¶ 1}** Johnny Lee Trigg appeals pro se from the trial court's decision and entry denying his petition for postconviction relief and overruling his motion for leave to file a delayed new-trial motion.

**{¶ 2}** Trigg contends the trial court erred by denying his petition for postconviction relief without holding an evidentiary hearing. He also claims the trial court erred by "merging" his motion for leave to file a delayed new-trial motion into his postconviction relief petition and denying leave based on res judicata.

**{¶ 3}** For the reasons set forth below, we affirm the trial court's judgment.

## I. Background

**{¶ 4}** A jury convicted Trigg of felony murder with a firearm specification and having a weapon while under disability. The offenses involved Trigg shooting the victim in the back as the victim fled following an argument. On October 6, 2023, this court affirmed the convictions on direct appeal. Among other things, we overruled assignments of error alleging ineffective assistance of counsel and challenging the trial court's failure to instruct the jury on self-defense. Even accepting Trigg's claim that he feared the victim and that the victim first had attempted to fire a gun at him, we held that Trigg's use of deadly force while the victim was retreating negated the possibility of self-defense. *State v. Trigg*, 2023-Ohio-3660, ¶ 35-36 (2d Dist.). Considering the nature of the shooting, we also found no prejudice arising from defense counsel's handling of the self-defense issue. *Id*. at ¶ 43.

**{¶ 5}** While the direct appeal was pending, Trigg filed a pro se August 29, 2023 petition for postconviction relief under R.C. 2953.21 with a request for an evidentiary hearing. He then filed an amended petition on September 18, 2023, again requesting an evidentiary hearing. He alleged error in the trial court's exclusion of evidence related to the victim's reputation for violence and prior instances of violent conduct. He argued that this evidence would have aided his self-defense claim. Trigg additionally alleged ineffective assistance of counsel based on a failure to call two witnesses to corroborate the self-defense claim. Finally, he alleged prosecutorial misconduct for failing to disclose a witness's police statement.

**{¶ 6}** Seven months after we affirmed Trigg's convictions, on May 7, 2024, he filed a motion for leave to file a delayed new-trial motion under Crim.R. 33. In support, he argued that the trial court had erred by advising him that his testimony was necessary if he wanted to seek a self-defense instruction. He asserted that the trial court's statement was erroneous and that it violated due process, his right to a fair trial, and his privilege against self-incrimination. Trigg asked the trial court "to grant the defendant's Motion for Leave to file a Delayed Motion for New Trial because the defendant's right to a fair and impartial trial was violated under an abuse of discretion standard and severely prejudiced the defendant."

**{¶ 7}** Thereafter, on September 10, 2024, Trigg moved for an evidentiary hearing on his motion for leave to file a delayed new-trial motion. He claimed entitlement to a hearing based on his submission of documents showing that he had been unavoidably prevented from timely discovering certain evidence. The documents Trigg submitted included (1) affidavits from two of his cousins to support a self-defense claim, (2) one page of a medical record indicating that he once had been treated for an assault, and (3) printed records of criminal cases involving the victim as the defendant.

{¶ 8} On May 14, 2025, having not conducted an evidentiary hearing, the trial court denied Trigg's petition for postconviction relief and overruled his motion for leave to file a delayed new-trial motion. Regarding postconviction relief, the trial court found evidence of the victim's violent character and prior violent acts irrelevant to the self-defense claim because Trigg admittedly had shot the fleeing victim in the back. The trial court also found no ineffective assistance based on defense counsel's failure to call the two witnesses because neither witness saw the shooting. Finally, the trial court found that Trigg's trial counsel in fact had received a police report containing the witness's statement.

{¶ 9} As for Trigg's motion for leave to file a delayed new-trial motion, the trial court noted that his claim about being told he needed to testify to argue self-defense did not require evidence outside of the record. Indeed, Trigg's trial transcript contained the challenged statement by the trial court judge, who advised him as follows: "In addition, you've raised a self defense argument that requires evidence from you, which means you testify, that's really necessary for a self-defense, and your prior record is going to come in. You understand that?" Tr. 35. The trial court reasoned that Trigg could have raised this issue on direct appeal. Therefore, it concluded that res judicata precluded him from seeking a new trial based on being deprived of a fair trial by being compelled to testify. Trigg timely appealed, advancing two assignments of error.

## II. Analysis

{¶ 10} The first assignment of error states:

**TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S POST-CONVICTION WITHOUT EVIDENTIARY HEARING.**

{¶ 11} Trigg challenges the trial court's failure to hold an evidentiary hearing prior to denying his petition for postconviction relief. He argues that a hearing was necessary for the

4

trial court properly to evaluate his postconviction claims regarding (1) exclusion of evidence related to the victim's reputation for violence and prior instances of violent conduct, (2) defense counsel's failure to call his two cousins as witnesses to support his self-defense claim, and (3) prosecutorial misconduct for failing to disclose a witness's police statement. Trigg primarily argues that a hearing was necessary because the judge who denied postconviction relief was not the judge who presided over his jury trial.

{¶ 12} Upon review, we see no error in the trial court's denial of postconviction relief without an evidentiary hearing. A hearing is not required simply because the judge reviewing a petition is not the judge who presided over trial. When assessing the credibility of affidavits in postconviction proceedings, a relevant consideration is whether the judge reviewing the postconviction petition also presided over trial. *State v. Thrasher*, 2007-Ohio-674, ¶ 12-13 (2d Dist.). But the mere fact that a postconviction petition is reviewed by a different judge does not require a hearing. Rather, the need for a hearing depends on whether the petition and supporting materials present sufficient operative facts to establish substantive grounds for relief. *State v. Scott*, 2025-Ohio-300, ¶ 27 (2d Dist.).

{¶ 13} Trigg asserts that the trial court did not address any of the factors relevant to assessing the credibility of an affidavit accompanying a petition for postconviction relief. We note, however, that the trial court also did not deny postconviction relief based on Trigg's supporting evidence lacking credibility. Rather, it found that evidence of the victim's violent character and prior violent acts did not advance a self-defense claim because Trigg admitted having shot the victim in the back. The trial court also found no potential ineffective assistance of counsel based on a failure to call witnesses who did not see the shooting. Finally, the trial court found no potential postconviction claim grounded in prosecutorial misconduct where the record established that defense counsel in fact received an allegedly

5

withheld witness statement. None of these findings required assessing the credibility of Trigg's postconviction materials. Moreover, Trigg does not challenge the correctness of these findings on appeal. Accordingly, we overrule his first assignment of error.

{¶ 14} The second assignment of error states:

**TRIAL COURT ABUSED ITS DISCRETION BY APPLYING RES JUDICATA AFTER MERGING INDEPENDENT ARGUMENTS/MOTIONS BY DEFENDANT.**

{¶ 15} Trigg contends the trial court improperly addressed his motion for leave to file a delayed new-trial motion in the context of his statutory petition for postconviction relief. Rather than analyzing the two filings separately, he claims the trial court blended its analysis and improperly applied res judicata to the issue raised in his motion for leave. Trigg then reiterates his arguments about his rights being violated at trial when the trial court told him he needed to testify to pursue a self-defense claim.

{¶ 16} Upon review, we find Trigg's second assignment of error to be unpersuasive. Under Crim.R. 33(A) a new trial may be granted for various reasons. Trigg appears to have requested leave to seek a new trial under Crim.R. 33(A)(1), which authorizes a new trial based on an "abuse of discretion by the court, because of which the defendant was prevented from having a fair trial." In his motion for leave, Trigg argued that the trial court had abused its discretion and had deprived him of a fair trial by advising him that he was required to testify if he wanted to argue self-defense. Under Crim.R. 33(B), Trigg was required either to move for a new trial within 14 days of the jury's verdict or to obtain leave by presenting "clear and convincing proof" that he had been unavoidably prevented from meeting the rule's time requirement.

6

{¶ 17} Trigg did not move for a new trial within 14 days of the jury's verdict. Instead, he filed his motion for leave to file a delayed new-trial motion on May 7, 2024, long after his trial in October 2022. In his motion, however, he made no attempt to explain or justify his delay in seeking a new trial. His memorandum in support went straight to the merits of his argument. He asserted that the trial court had abused its discretion and had violated due process, his right to a fair trial, and his privilege against self-incrimination by telling him that he needed to testify to pursue a self-defense claim. His concluding paragraph asked the trial court to grant him leave to move for a new trial not because of any unavoidable delay but "because the defendant's right to a fair and impartial trial was violated under an abuse of discretion standard and severely prejudiced the defendant."

{¶ 18} The trial court overruled Trigg's motion for leave to file a delayed new-trial motion by noting that the issue he raised could have been raised on direct appeal. It reasoned: "Here, Defendant's claim is based upon facts and evidence in the record, i.e. recorded statement made by the Court while addressing Defendant during the course of a pre-trial hearing. On that basis, Defendant's claim that he was somehow forced to testify by the Court is barred by res judicata and therefore not properly before the Court."

{¶ 19} "When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *State v. Hatton*, 2022-Ohio-3991, ¶ 30. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id*.

{¶ 20} At first blush, the trial court appears to have violated the foregoing principle by overruling Trigg's motion for leave based on a "merits" determination that res judicata barred

his substantive argument. Nevertheless, we find a reversal unwarranted for four reasons. First, the trial court's finding that res judicata applied necessarily constituted an implicit finding that Trigg had not been unavoidably prevented from filing a timely new-trial motion. Given that his argument relied on evidence found in the record, it follows that he could not have been unavoidably prevented from meeting the rule's time requirement.

{¶ 21} Second, Trigg himself ignored the threshold issue of whether he had been unavoidably prevented from filing a timely Crim.R. 33 motion, as his motion for leave addressed only the merits of his argument.

{¶ 22} Third, Trigg's motion for leave was devoid of any attempt to explain or justify his delay in seeking a new trial. The present appeal does not involve whether a claimed justification was sufficient or whether he presented "clear and convincing proof" of having been unavoidably prevented from meeting the rule's time requirement. Trigg made no argument about being unavoidably prevented from filing a timely motion, and he presented no proof whatsoever to support such a finding.

{¶ 23} Fourth, Trigg does not even appear to argue on appeal that the trial court erred in denying him leave based on its assessment of the merits of his claim for a new trial. Although he complains about the trial court "merging" its postconviction and new-trial analysis, we see no argument in his brief about the trial court being limited to considering whether he established by clear and convincing proof that he had been unavoidably prevented from filing a timely new-trial motion. Trigg may not have raised this issue on appeal because he made no such argument below. In any event, it is not this court's role to create an argument for a party. *State v. Coogan*, 2019-Ohio-3016, ¶ 14 (10th Dist.) (recognizing that "an appellate court has no duty to create an argument on an appellant's behalf").

8

**{¶ 24}** Regarding the trial court's substantive finding that res judicata applied, we also see no error. It is well settled that "[r]es judicata applies to motions for a new trial." *Hatton*, 2022-Ohio-3991, at ¶ 22. The doctrine "precludes a convicted defendant 'from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised' at trial or on direct appeal." *Id*., quoting *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. Here Trigg argued in his motion for leave to seek a new trial that the trial court had abused its discretion and had violated due process, his right to a fair trial, and his privilege against self-incrimination by telling him he needed to testify to pursue a self-defense claim. The evidence required to support this claim was found in Trigg's trial transcript, and he could have raised the issue on direct appeal. Therefore, the trial court correctly applied res judicata.

**{¶ 25}** Finally, we note that Trigg separately moved for a hearing after filing his motion for leave to file a delayed new-trial motion. Accompanying his motion for a hearing were affidavits from his two cousins. Trigg characterized the affidavits as newly discovered evidence and argued that they supported a self-defense claim. But neither affiant professed to have seen Trigg shoot the victim. As noted above, Trigg testified at trial and admitted that he shot the fleeing victim in the back. Therefore, neither affidavit would have aided his self-defense claim. We note too that neither affidavit addressed why Trigg's untimeliness should have been excused. Nor did Trigg's motion for an evidentiary hearing explain how or when he obtained the affidavits. Therefore, like his motion for leave to file a delayed new-trial motion, his subsequent motion for a hearing on the issue made no attempt to explain or justify his delay in seeking a new trial.

**{¶ 26}** For the foregoing reasons, the second assignment of error is overruled.

### III. Conclusion

**{¶ 27}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.