[Cite as *State v. Seymour*, 2014-Ohio-72.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-03-038 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 1/13/2014 |
| - vs - | | |
| | : | |
| ROBERT M. SEYMOUR a.k.a. SEYMORE, | : | |
| | | |
| Defendant-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-03-0432

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Robert Seymour, appeals from a decision of the Butler County Court of Common Pleas sentencing him to a term of seven years in prison. For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2} On April 13, 2011, appellant was indicted on seven counts in the Butler County Court of Common Pleas. The indictment included one count of domestic violence, one count

of aggravated burglary, two counts of assault, one count of grand theft, one count of failure to comply with an order or signal of a police officer, and one count of violating a protection order.

{¶ 3} On July 5, 2011, appellant entered guilty pleas to all charges and was sentenced to a total prison term of 13 years and six months for those convictions. Appellant's aggravated burglary conviction accounted for six years of that prison term. Appellant appealed his conviction.

{¶ 4} On July 9, 2012, we remanded this matter to the trial court because "under the facts and circumstances of [the] case, domestic violence, aggravated burglary, and violating a protection order are allied offenses of similar import that should have been merged under R.C. 2941.25." *State v. Seymour*, 12th Dist. Butler Nos. CA2011-07-131, CA2011-07-143, 2012-Ohio-3125, ¶ 1. As such, we found the trial court committed plain error by not merging those offenses based on the Ohio Supreme Court's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. *Id.* at ¶ 27. We therefore reversed the decision of the trial court and held that on remand the trial court must accept the state's decision on which allied offense to pursue, and then merge the other counts for resentencing. *Id.* at ¶ 31.

{¶ 5} At appellant's resentencing hearing, the state chose to pursue the aggravated burglary charge, while the charges for violating a protective order and domestic violence were merged. The trial court then sentenced appellant to a seven-year prison term for the aggravated burglary offense, a sentence greater than the six-year prison term that was originally imposed on appellant for that conviction. Appellant now appeals the decision of the trial court, raising the following assignment of error:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN RESENTENCING APPELLANT TO INCREASED PUNISHMENT UPON REMAND, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION

{¶ 7} In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072 (1969), the United States Supreme Court held that a trial court violates due process of law when, motivated by retaliation or vindictiveness for a defendant's successful appeal, the court resentences a defendant to a harsher sentence. *Id.* at 725. Subsequent decisions have limited the presumption in *Pearce* to situations where there is a "reasonable likelihood" that an enlarged sentence was the product of vindictiveness by the trial court. *State v. Craycraft*, 12th Dist. Clermont Nos. CA2011-04-029, CA2011-04-030, 2012-Ohio-884, ¶ 11, citing *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201 (1989).

{¶ 8} Although a court may still impose an enhanced sentence on remand, it must demonstrate that the enhanced sentence was not motivated by vindictiveness toward the defendant for exercising his rights. *State v. Collins*, 8th Dist. Cuyahoga Nos. 98575, 98595, 2013-Ohio-938, ¶ 8, citing *Pearce* at 723. Thus, in order to ensure that a nonvindictive rationale supports the enhanced sentence, the *Pearce* court held that "whenever a judge imposes an increased sentence after a successful appeal, there is a presumption of vindictiveness that can be rebutted only by objective information in the record justifying the increased sentence." *Id*; *Craycraft* at ¶ 11.

{¶ 9} Appellant alleges the increase of his prison term from six years to seven years on his aggravated burglary conviction was a product of vindictiveness. In support, he argues the sentence is subject to a presumption of vindictiveness because the enhanced sentence was imposed following his successful appeal. Because the same trial judge presided over both sentencing hearings, but failed to explain the rationale for the enhanced sentence, he contends that due process requires his sentence be reversed and remanded.

{¶ 10} In response, the state argues that a resentencing upon remand for an allied

offenses error under *Johnson* is not subject to the presumption of vindictiveness. The state analogizes the case at bar to those appeals following the announcement of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶ 11} We have previously questioned whether the application of the *Pearce* presumption of vindictiveness automatically applies to cases remanded following the Ohio Supreme Court's decisions in *Foster* and *Johnson*. *Craycraft*, 2012-Ohio-884, at ¶ 12; *State v. Andrews*, 12th Dist. Butler No. CA2006-06-142, 2007-Ohio-223, ¶ 23; *State v. Fernbach*, 12th Dist. Warren Nos. CA2006-11-130, CA2006-11-131, 2008-Ohio-5670, ¶ 27. In those cases, however, we questioned the application of the *Pearce* presumption because the underlying reversals were "based on void sentences rather than sentences found to be in error, and because the trial judge was originally constrained by sentencing factors which the Ohio Supreme Court later found unconstitutional." *Fernbach* at ¶ 27; *Andrews* at ¶ 23 (acknowledging that such reversals are "different from cases in which a trial judge has been reversed for erroneously applying the law").

{¶ 12} Although we have questioned the application of the *Pearce* presumption to sentences following a trial court's reliance on factors later found unconstitutional, we have not expressed such reservations following a trial court's erroneous application of the law. *See State v. Kortum*, 12th Dist. Warren No. CA2001-04-034, 2002-Ohio-613.

{¶ 13} Nevertheless, the state argues that pursuant to our decision in *Craycraft*, an enhanced sentence following an allied offenses remand under *Johnson* is not entitled to the *Pearce* presumption of vindictiveness.

{¶ 14} In *Craycraft*, this court originally affirmed a trial court's refusal to merge certain offenses committed by the appellant. *Craycraft* at ¶ 3. Subsequently, the Ohio Supreme Court issued its opinion in *State v. Johnson*, which announced a new test for determining

- 4 -

whether offenses should merge for purposes of R.C. 2941.25. *Id.* That same day, the Supreme Court reversed our affirmance in *Craycraft* and remanded the matter to this court for application of the new *Johnson* test. *Id.* We in turn, found that the offenses for which Craycraft was sentenced were allied offenses of similar import under *Johnson*. We therefore reversed the trial court's sentencing of Craycraft and remanded the case to the trial court for resentencing. *Id.*

{¶ 15} On remand, the trial court sentenced Craycraft to a longer prison term on some of the counts than had been imposed in the original sentence. *Id.* at ¶ 4. Craycraft then appealed his resentencing on the basis of vindictiveness. *Id.* at ¶ 10. On appeal, we affirmed the decision of the trial court. *Id.* at ¶ 18. In so doing, we acknowledged our hesitation in automatically applying a presumption of vindictiveness because *Craycraft* was not a case "in which a trial court judge has been reversed for erroneously applying the law." *Id.* at ¶ 12. Since Craycraft was unable to show any evidence of actual vindictiveness, we found that his sentence was appropriate. *Id.* at ¶ 15.

{¶ 16} We find the state's argument and reliance on *Craycraft* to be unpersuasive. This Court's decision in *Craycraft* was not based on the trial court's erroneous application of existing law. Rather, *Craycraft* involved an original sentence applying the allied offenses standard set forth in *State v. Rance*, 85 Ohio St.3d 632 (1999), which was overruled by *Johnson* during the pendency of Craycraft's appeal. Accordingly, *Craycraft* is similar to our prior decisions in which we questioned the application of the *Pearce* presumption in cases where "the trial judge was originally constrained by sentencing factors which the Ohio Supreme Court later found unconstitutional." *See, e.g., Fernbach*, 2008-Ohio-5670, at ¶ 27; *see also Andrews*, 2007-Ohio-223, at ¶ 23. Since *Craycraft* did not involve an erroneous application of the law by the trial court, it is therefore inapposite to the present case.

Furthermore, other courts have held that *Johnson* remands can be subject to the *Pearce* presumption of vindictiveness. *See State v. Quinones*, 8th Dist. Cuyahoga No. 97054, 2012-Ohio-1939.

{¶ 17} In the present case, *Johnson* was established law at the time of appellant's original sentencing, and was erroneously applied by the trial court. *See Seymour*, 12th Dist. Nos. CA2011-07-131, CA2011-07-143, 2012-Ohio-3125. Therefore, the circumstances in which we previously questioned the application of the *Pearce* presumption are not present.

{¶ 18} Accordingly, because appellant was resentenced by the same trial judge following his successful appeal of an erroneous decision and no other exception is present, the presumption set forth in *Pearce* applies to appellant's enhanced sentence. *See Kortum*, 12th Dist. Warren No. CA2001-04-034, 2002-Ohio-613, at *7. Since the presumption of vindictiveness applies to the present case, the trial court was obligated to supply "objective information justifying the increased sentence." *Id.* Where no explanation for an increased sentence appears in the record, the increased sentence is constitutionally defective and the matter must be remanded for resentencing. *Id.*

{¶ 19} At appellant's resentencing hearing, the trial court acknowledged the circumstances of the offense, and stated for the record the seriousness of the offense.

> As I look at this, I note that Mr. Seymour, you have 41 prior convictions. You've been to prison six times in Ohio, one time in Florida. You had your probation revoked in the State of Florida.
>
> As I go back to the summary of types, you've had aggravated robbery. And I'm not going to name them all. You've had domestic violence. You've had thefts; had drug charges. You've had assaults and there is an element, a flavor of assault in this case because per the bill of particulars on this count, and this count alone, you struck [the victim] in the face, causing her nose to bleed and facial swelling; more drug charges. So you've had an extremely extensive criminal history with elements of violence contained in it.
>
> I certainly believe in your right to go to trial. I believe in your right to

- 6 -

exercise all your appellate rights. That's what makes this country great.

It's going to be the sentence of this Court, and the range on this is three to 11 years. I've taken all that into account. I've taken into account the facts of this Count 2 in particular; that you broke through the door and you caused physical harm to [the victim].

* * *

So, be order of this Court that this Defendant receive a prison term of seven years[.]

Although the trial court cited appellant's extensive criminal history and tendency towards violence, the court failed to provide any explanation for why appellant's prison sentence was increased from six years to seven years following appellant's successful appeal. The trial court's decision to sentence appellant to an enhanced prison term was based only on information originally available to the court at the time of appellant's original sentencing. *See, e.g., State v. Thrasher*, 2d Dist. Greene No. 2007CA91, 2008-Ohio-5182, ¶ 22 ("[i]nformation regarding identifiable conduct on defendant's part that was known by the court at the original sentencing proceeding does not rebut the presumption of vindictiveness"); *see also State v. Paynter*, 5th Dist. Muskingum No. CT2006-0034, 2006-Ohio-5542, ¶ 18 (finding that the trial court failed to overcome the presumption because "the court did not identify any 'relevant conduct or events' that came to its attention during the time that passed between appellant's second and third sentencing"). An explanation for the increased sentence following the facts in this case is particularly important because Ohio does not allow sentence packaging. *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245.

{¶ 20} Therefore, the increased sentence in this case is constitutionally defective and the matter must be remanded for resentencing. If the trial court decides to impose a harsher sentence than the sentence imposed originally, then the trial court must affirmatively state upon the record the reasons for imposing the harsher sentence. Those reasons may come

to the judge's attention from a variety of ways, including "from a new presentence investigation, from the defendant's prison record, or possibly from other sources." *Collins*, 2013-Ohio-938, at ¶ 12, citing *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217 (1984). Accordingly, appellant's sentence is reversed and remanded to the trial court for resentencing.

{¶ **21**} Judgment reversed and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.