[Cite as *State v. Farmer-Reese*, 2023-Ohio-4772.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 22AP-613 |
| | | (M.C. No. 2022 TRD 133457) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mattyson S. Farmer-Reese, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 27, 2023

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, *Orly Ahroni*, and *Dave Pelletier*, for appellee. **Argued:** *Dave Pelletier*.

**On brief:** *Yeura R. Venters*, Franklin County Public Defender, and *Leon J. Sinoff*, for appellant. **Argued:** *Leon J. Sinoff*.

APPEAL from the Franklin County Municipal Court

JAMISON, J.

{¶ 1} Defendant-appellant, Mattyson S. Farmer-Reese, appeals from a judgment of the Franklin County Municipal Court, convicting appellant of driving under suspension in violation of Section 2141.11(A) of the Columbus City Code. For the following reasons, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 30, 2022, as a result of a traffic stop, a Columbus police officer filed a complaint charging appellant with five counts of driving under suspension. The complaint also charged appellant with driving without an operator's license, speeding, and

seatbelt and tag violations. The case was set for an initial pre-trial hearing and public defender, Emily Hurt, was appointed to represent appellant.

{¶ 3} The parties agreed to a plea deal whereby appellant would plead guilty to one count of driving under suspension, a misdemeanor of the first degree, with the remaining charges to be dismissed. Appellant submitted an executed rights advisement and waiver of jury trial form in connection with the plea deal. The parties have also acknowledged that appellant was charged with driving under suspension, no operator's license, and an assured clear distance ahead violation in Case No. 22TRD109568, but those charges were dismissed in connection with the plea deal in this case.

{¶ 4} On September 14, 2022, the trial court accepted the guilty plea on the record. According to Hurt, during a bench conference, the trial court informed Hurt that he would sentence appellant to a fine and court costs. Following an interaction between the trial court and appellant, however, the trial court instructed appellant to sit in the jury box. During a second bench conference, the trial court reportedly informed Hurt that appellant was "not getting it" and he was going to "make her sweat" by keeping her in the jury box. (Apr. 3, 2023 Hurt Aff. at ¶ 4, attached to Appellant's Mot. to Supp. Record.) The record shows that the trial court subsequently excused Hurt so she could attend to another client in a separate case. There is no indication in the record that Hurt intended to withdraw her representation of appellant.

{¶ 5} After appellant passed a couple of hours sitting in the jury box, the trial court began a dialogue with appellant and eventually imposed a 180-day jail sentence suspended for 2 years, provided appellant had no future convictions, plus a non-reporting community control sanction. These events occurred before Hurt returned and there is no indication in the record of any effort by the trial court to alert Hurt of the need to return to the courtroom. The parties agree that Hurt later returned to an empty courtroom and eventually learned of the case disposition from the clerk's website.

{¶ 6} Appellant timely appealed to this court from the September 14, 2022 judgment. On April 11, 2023, this court granted appellant's April 5, 2023 motion to supplement the record on appeal with Hurt's affidavit.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following sole assignment of error for our review:

Appellant Was Denied Her Constitutional Right to the Assistance of Counsel at Sentencing.

## III.  STANDARD OF REVIEW

{¶ 8}  " 'A defendant may proceed without counsel if the defendant has made a knowing, voluntary, and intelligent waiver of the right to counsel.' " *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 26, quoting *State v. Crosky*, 10th Dist. No. 06AP-655, 2008-Ohio-145, ¶ 34, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 24. "In the leading cases on the issue of waiver of the right to counsel, the Supreme Court of Ohio appears to have undertaken a de novo review without expressly reciting this standard of review." *Id.*, citing *State v. Gibson*, 45 Ohio St.2d 366, 375-78 (1976); *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 89-105; *Martin* at ¶ 37-45.

## IV. LEGAL ANALYSIS

{¶ 9}  In appellant's assignment of error, appellant contends the trial court violated appellant's right to counsel during sentencing.  On this issue, plaintiff-appellee, State of Ohio, concedes error.  In appellee's brief, appellee acknowledges that "[a]ppellant did not waive her right to counsel, and the trial court erred by imposing sentence when defense counsel was not present." (Appellee's Brief at 1.)

{¶ 10} "[A] sentence imposed in violation of the Sixth Amendment right to counsel is a structural error that is reversible on appeal." *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, ___ Ohio St.3d___, 2023-Ohio-3534, ¶ 21, citing *United States v. Cronic*, 466 U.S. 648, 658-59 (1984), fn. 25.  On this record, and given appellee's concession, we hold that the trial court committed reversible error when it sentenced appellant in violation of her Sixth Amendment right to counsel.  Accordingly, appellant's sole assignment of error is sustained.

{¶ 11} "The general rule is that upon reversal and remand to the trial court, proceedings commence at the point when the error occurred." *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 75, citing *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987).  Here, the error occurred at sentencing following a guilty plea. Consequently, a remand to the trial court for resentencing is the appropriate course of action on reversal.

{¶ 12} Appellant, however, urges this court to either impose the same sentence imposed by the trial court, but without the community control sanction, or otherwise instruct the trial court to do so in this decision. According to appellant, such further relief is necessary given the nature of the trial court's error and the possibility the trial court may impose a harsher sentence on remand in retaliation for appellant's successful appeal. In support of this argument, appellant supplemented the record on appeal with Hurt's affidavit, wherein Hurt avers that the trial court initially agreed to sentence appellant to a fine and court costs, but later imposed a harsher sentence outside of her presence. Appellant's counsel further averred that "I believe that the outcome of [appellant's] case was directly harmed by her lack of legal representation in the latter half of her sentencing hearing." (Hurt Aff. at ¶ 13.)

{¶ 13} App.R. 12(A)(1)(a) provides that "[o]n an undismissed appeal from a trial court, a court of appeals shall * * * [r]eview and affirm, modify, or reverse the judgment or final order appealed." In cases involving a felony conviction, R.C. 2953.08(G)(2) permits this court to "modify" the sentence imposed by the trial court.

{¶ 14} Here, appellant seeks an order from this court modifying her misdemeanor sentence due to a violation of her right to counsel at sentencing. Though appellant's trial counsel has averred that, in her opinion, appellant received a harsher sentence because counsel was not present, appellant does not contend the sentence imposed by the trial court exceeded established limits for the offense to which appellant pled guilty. Appellant has also failed to cite any Ohio appellate authority ordering sentence modification under such circumstances and this court has not discovered any.

{¶ 15} Appellant points to two cases pending in this court wherein the appellant alleges similar Sixth Amendment violations have been committed by the same branch of the Franklin County Municipal Court. *See State v. Gainer*, 10th Dist. No. 22AP-587, 2023-Ohio-1760 (Sentence reversed and case remanded for a new parole revocation hearing where the Municipal Court erred by denying appellant's right to counsel at his community control revocation hearing.); *State v. Brown*, 10th Dist. No. 22AP-542 (On appeal, appellant alleges that the Municipal Court violated appellant's constitutional rights to the assistance of counsel when it denied appellant the right to counsel at his probation revocation hearing.). Appellant claims that the repeated Sixth Amendment violations by

the same branch of the Municipal Court during sentencing justifies an order from this court compelling the imposition of the sentence the trial court initially agreed to impose. We disagree.

{¶ 16} The Sixth Amendment violation committed by the trial court in this case has been remedied by our reversal on appeal. We see no need, under the circumstances of this case, to usurp the sentencing authority of the trial court merely to avoid a possibility the trial court may impose a harsher sentence on remand. Appellant will have the benefit of counsel at sentencing on remand, and it is pure speculation to suggest the trial court will act vindictively on remand due to appellant's prosecution of a successful appeal.

{¶ 17} Moreover, Ohio law provides safeguards against the type of retaliation appellant fears, including an appeal to this court from the trial court's judgment on remand. Ohio courts have held that even though a trial court has the authority to impose a harsher sentence on remand, under certain circumstances, it may be incumbent on the trial court to "demonstrate that the enhanced sentence was not motivated by vindictiveness toward the defendant for exercising his right[] [of appeal]." *State v. Seymour*, 12th Dist. No. CA2013-03-038, 2014-Ohio-72, ¶ 8, citing *State v. Collins*, 8th Dist. No. 98575, 2013-Ohio-938, ¶ 8, citing *North Carolina v. Pearce*, 395 U.S. 711, 723 (1969). *See also State v. Hitchcock*, 5th Dist. No. 19-CA-56, 2020-Ohio-6751, ¶ 29 (Appellant's felony sentence vacated and modified where trial court failed to provide reasons for imposing a harsher sentence following appellant's successful appeal of his sentence.).

{¶ 18} When reviewing felony sentences, an appellate court must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 8-9. Pursuant to that statute, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1; *State v. Lopez*, 10th Dist. No. 21AP-690, 2022-Ohio-2302. However, as stated above, other than the alleged violation of appellant's right to counsel at sentencing, there is no assignment of error or claim by appellant that the sentence imposed by the trial court exceeded the trial court's statutory sentencing authority for the misdemeanor offense to which she pled guilty. Thus, there is no justifiable reason in this appeal to exercise such authority.

{¶ 19} For the foregoing reasons, we sustain appellant's sole assignment of error, but we decline appellant's invitation to impose sentence.

## V. CONCLUSION

{¶ 20} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Municipal Court and remand the matter for resentencing.

*Judgment reversed.*

BEATTY BLUNT, P.J., and DORRIAN, J., concur.

_____